Riggins Case (Commonwealth Appeal).

Argued May 8, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*James D. Crawford,* Assistant District Attorney, with him *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellant.

*Bernard L. Segal,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 27, 1969:

This is an appeal by the Commonwealth from an order of the then County Court of Philadelphia County, discharging Louis Riggins from custody. On August 22, 1968, a group of youths burst into a bar. One fired a shotgun and killed a patron. When Riggins learned that the police considered him a suspect, he surrendered to them on August 26th, at which time he was formally arrested. He was arraigned on a charge of murder on August 27th, and bail was then fixed at $1,000.

A preliminary hearing was held before Judge MON-TEMURO of the then County Court on December 17th.[1] Judge MONTEMURO ruled that a prima facie case had not been made out, and discharged the defendant. The Commonwealth then took this appeal.

We need not consider the merits of the question whether a prima facie case had been made out, for it is apparent that the appeal must be quashed. In *McNair's Petition*, 324 Pa. 48, 54, 187 Atl. 498 (1936), we discussed the procedure to be followed where a magistrate holds that a prima facie case has not been made out: "When the magistrate believes that proba-ble cause to hold the defendant has not been proven, he may discharge him. . . . If the Commonwealth deems itself aggrieved by his decision it may bring the mat-ter again before any other officer empowered to hold preliminary hearings." It is clear from this statement that the Commonwealth has not been put out of court, and that the instant appeal is interlocutory.

The Commonwealth is well aware of *McNair's Pe-tition,* supra, and admits that ordinarily when the Commonwealth believes that a defendant has been im-properly discharged by a committing magistrate its remedy is to have the defendant rearrested and taken before another magistrate. Yet it urges that where the committing magistrate who has discharged the de-fendant is a Common Pleas Court judge,[2] it would be

---

[1] It is the practice in Philadelphia, in cases where a juvenile is accused of murder, to hold preliminary hearings before judges of the Juvenile Court. The Juvenile Court's function was fulfilled in Phila-delphia County, prior to the new Judiciary Article, by the County Court. Act of June 12, 1913, P. L. 711, §8, 17 P.S. §690. Under §11(f) of the same Act, 17 P.S. §694(f), judges of the County Court are ex officio justices of the peace, and thus may sit at preliminary hearings.

[2] Actually, at the time he discharged Riggins, Judge MONTE-MURO was a County Court judge. Under the consolidated court

unseemly for the Commonwealth to take the defendant before another Common Pleas Court judge and ask the second judge to reach a different decision.[3]

What the Commonwealth is asking us to do, in essence, is to overturn our long-established rule of interlocutoriness with one of unseemliness. This we will not do, particularly where we are unconvinced that the situation is as unseemly as the Commonwealth would indicate. In the first place, the Commonwealth will almost always have additional evidence to present the second time around. If the first judge feels that not even a prima facie case has been made out, even if a second judge were to disagree as to that, the Commonwealth is still well short of a conviction, and it is highly unlikely that it would rearrest with such a weak case. And even if the Commonwealth presented exactly the same evidence to the second judge, we do not envision the same dire consequences that the Commonwealth forecasts. We are confident that the judges of the Commonwealth will be faithful to their oaths of office and will be moved only by the evidence, and not by any feeling for their fellow judges.

The appeal is quashed as interlocutory.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

A Judge of the Family Division of the Philadelphia Court of Common Pleas, sitting as a magistrate, discharged a 17-year-old juvenile who was charged

---

system instituted by the new Judiciary Article, effective January 1, 1969, he is a judge (Presiding Judge) of the Family Court Division of the Court of Common Pleas. For the purposes of this discussion, we may consider him a Common Pleas Court judge.

[3] Although *McNair's Petition*, supra, allows a rearrested defendant to be taken before any other officer empowered to hold preliminary hearings, the practice where the original officer is a lay magistrate is to take the case before a judge of a court of record the second time.

with murder and aggravated assault and battery. He and his companion entered the tavern, each of them carrying a gun. The Judge discharged the defendant, in spite of the fact that there was an eyewitness, namely, the bartender, who was shot and wounded by Riggins just after Riggins's companion had shot and killed a man named Posey, who was a patron in the tavern. The Commonwealth's appeal was quashed by the majority because it was interlocutory, in spite of the fact that a prima facie case of *murder by Riggins and his partner* was made out by the Commonwealth. The Commonwealth has the option to appeal or to re-arrest Riggins and take him before another Judge, seeking to have him held for the grand jury, but this, and in some other cases, is impractical.

*Gaskins Case,* 430 Pa. 298, 305, 244 A. 2d 662, citing five recent Pennsylvania cases, is directly in point and holds* that if the Commonwealth establishes a prima facie case of defendant's guilt of murder by a juvenile, the magistrate or Judge or the Court hearing the proceeding *must* hold the juvenile for Court, and failure to do so entitles the Commonwealth to an appeal to the Supreme Court of Pennsylvania.

For these reasons, I vigorously dissent.

---

* With only one Judge dissenting.