555 A.2d 892

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry KLINE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 8, 1988.

Decided March 8, 1989.*

---

* This decision was considered and rendered prior to March 7, 1989.

Stuart T. Shmookler, Allentown, for appellant.

Daniel G. Spengler, Asst. Dist. Atty., Stuart Suss, Deputy Dist. Atty., for amicus—The Dist. Atty. of Chester County.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

LARSEN, Justice.

The issue presented by this appeal is whether the president judge of a court of common pleas may order the

temporary assignment of a district justice to serve in another magisterial district pursuant to Pa.R.Crim.P. Rule 23(b),[1] to replace a district justice who has dismissed criminal charges against an accused and who has testified that he will dismiss the charges again upon the rearrest of the accused if the facts presented at the second preliminary hearing are the same or if a witness testifies to different facts.

Appellant, Henry Kline, the Mayor of Waltnutport, Pennsylvania, allegedly broke into the offices of the Borough Manager on March 2, 1985, and made an illegal search thereof. Appellant also allegedly threatened to fire Patrolman Peter G. Wayda, an alleged fellow participant in the break-in, if Wayda talked to those investigating the break-in. Appellant was arrested and charged with criminal trespass (18 Pa.C.S.A. § 3503); official oppression (18 Pa.C.S.A. § 5301); criminal conspiracy (18 Pa.C.S.A. § 903); threats and other improper influence in official matters (18 Pa.C.S.A. § 4702); intimidation of witnesses (18 Pa.C.S.A. § 4952); and obstructing the administration of law or other government functions (18 Pa.C.S.A. § 5101).

At appellant's preliminary hearing, all charges except criminal trespass and criminal conspiracy were dismissed. The Commonwealth subsequently filed an application for change of venue in the Court of Common Pleas of Northampton County, in order to refile all of the original charges before a different district justice. The Court of Common Pleas of Northampton County granted the Commonwealth's application following a hearing at which the only testimony presented was that of the district justice before whom the preliminary hearing had been held. The district justice testified that he would dismiss the charges again if the

1. Pa.R.Crim.P. Rule 23(b) provides in relevant part:
   The president judge may assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is needed ... to insure fair and impartial proceedings,

same testimony were presented and he would question the credibility of any witness who testified to different facts.[2]

Appellant filed an appeal to Superior Court from the order of the Court of Common Pleas granting the Commonwealth's application for change of venue. While appellant's appeal to Superior Court was pending, the Commonwealth nolle prossed the two remaining charges against appellant in anticipation of refiling all of the original charges. Superior Court reversed, ruling that the application for change of venue was untimely filed in that the application was made after the preliminary hearing was completed in violation of Pa.R.Crim.P. Rule 25 which requires that an objection to venue must be made before completion of the preliminary hearing. Thereafter, the Commonwealth filed a motion in common pleas court requesting the temporary assignment of issuing authority, and the matter was submitted to the president judge on the basis of the transcript of the earlier hearing on the application for change of venue.

The president judge granted the motion for the temporary assignment of issuing authority, stating that "it was

**2.** The district justice testified, in relevant part, as follows:
    Q [Attorney Spengler] If you were hearing that case over again with the same charges, would your decision to bind over two charges, criminal trespass and conspiracy, and to not bind over the offical [sic] oppression and the precharges having to do with the intimidation of witnesses, would your decision be the same?
    A With the same facts?
    Q Yes.
    A Yes.
    *    *    *    *    *    *
    Q [Attorney Shmookler] And if there were different facts presented the next time, you would take those into consideration in rendering your decision?
    A I would take the facts, yes, exactly.
    Q You would take the facts before you, consider those facts, apply the law and then render a decision based upon those facts?
    A I would say yes, except that we get back to the same thing. If the facts were different from the same person testifying, that would, perhaps give me some consideration on the credibility. I would take into consideration the credibility of that particular witness at that point, I would say.
    Hearing Transcript at 4 (July 31, 1985).

necessary to insure fair and impartial proceedings both to the Commonwealth and to the defendant to have the matters heard before a different magistrate." Memorandum opinion of the Court at 1 (Aug. 26, 1986). Appellant filed a second appeal to Superior Court, and Superior Court affirmed, 369 Pa.Super. 650, 531 A.2d 527, finding that the president judge had not abused his discretion in granting the Commonwealth's motion. We granted the petition for allowance of appeal filed by appellant to determine 1) whether Superior Court was precluded from affirming the grant of the motion for temporary assignment of issuing authority "where the Superior Court previously ruled that the Commonwealth had waived its objections to venue in the same case" (i.e., res judicata), Brief for Appellant at 3; and 2) whether there was evidence of record to warrant the temporary assignment of issuing authority to insure fair and impartial proceedings.[3]

As noted by Superior Court, a change of venue is not the same as a temporary assignment of issuing authority. A change of venue is ordinarily required because of a defendant's inability to obtain a fair and impartial jury in a county in which the incident giving rise to the criminal charges occurred. When a temporary assignment of issuing authority is requested, the issue is not the impartiality of the whole community from which jurors are selected. Rather, the issue involved is the impartiality of one person, the district justice of the district where the alleged offense occurred. *See* Report of the Criminal Procedure Rules Committee, 13 Pa.Bull. 1766–67 (1983). Therefore, Superior Court's ruling with regard to the appeal from the order granting the Commonwealth's application for change of venue does not bind that court on the appeal from the order of the president judge granting the Commonwealth's motion for temporary assignment of issuing authority.

**3.** The Commonwealth argues that the order of the president judge granting the Commonwealth's motion for the temporary assignment of issuing authority is interlocutory and thus is not appealable. We agree, but we find that the matter is of sufficient public importance to warrant the exercise of our plenary jurisdiction. 42 Pa.C.S.A. § 726.

■ With respect to the second issue raised by appellant, Rule 23(b) provides that the president judge "may" temporarily assign an issuing authority to serve another magisterial district in order to insure fair and impartial proceedings, and only upon an abuse of discretion will an appellate court reverse. Where there is no showing of partiality on the part of the issuing authority who sits in the magisterial district in which venue lies, the president judge abuses his or her discretion by granting a motion for the temporary assignment of issuing authority to serve in that district.

In the instant action, the only evidence presented in support of the Commonwealth's motion for the temporary assignment of issuing authority was the testimony of the district justice before whom the preliminary hearing had been held. Although he stated that he would dismiss the charges against appellant again if presented with the same facts, the Commonwealth did not show that the district justice would do so as a matter of bias or in spite of the existence of a prima facie case against appellant. Because there was no evidence of record, therefore, to support the Commonwealth's request for the temporary assignment of issuing authority "to insure fair and impartial proceedings," the president judge abused his discretion in granting the Commonwealth's motion for temporary assignment of issuing authority.

Accordingly, we reverse the order of Superior Court which affirmed the order of the Court of Common Pleas of Northampton County granting the motion for temporary assignment of issuing authority.

NIX, C.J., and ZAPPALA, JJ., files concurring opinions.

PAPADAKOS, J., files a dissenting opinion in which McDERMOTT, J., joins.

NIX, Chief Justice, concurring.

I concur only in the result reached by the majority. However, I fail to perceive any legitimate reason for this

complaint to have received such an inordinate amount of judicial attention. We have repeatedly held that the dismissal of charges by a magistrate is not a binding final order. *Commonwealth v. Hetherington*, 460 Pa. 17, 331 A.2d 205 (1975). There was nothing to preclude the Commonwealth from going before another district justice within the same judicial district and presenting in that forum the previously dismissed charges.* *Riggins Case*, 435 Pa. 321, 254 A.2d 616 (1969); *McNair's Petition*, 324 Pa. 48, 187 A. 498 (1936).

ZAPPALA, Justice, concurring.

I concur only in the result because the majority inadvertently misapplied Pa.R.Crim.P. 23.

The Rule provides the following:

Rule 23.   Continuous Availability and Temporary Assignment of Issuing Authorities.

(a) The president judge of each judicial district shall be responsible for insuring the availability at all times within his judicial district of at least one issuing authority.

(b) The president judge may assign temporarily the issuing authority of any magisterial district to serve another magisterial district whenever such assignment is needed to satisfy the requirements of paragraph (a), *to insure fair and impartial proceedings,* or otherwise for the efficient administration of justice. One or more issuing authorities may be so assigned to serve one or more magisterial districts.

(c) Whenever a temporary assignment is made under this Rule, notice of such assignment shall be filed with the clerk of the court of common pleas where it shall be available for police agencies and other interested persons.

(d) A motion may be filed requesting a temporary assignment under paragraph (b) on the ground that the assignment is needed to insure fair and impartial proceed-

---

* In Northampton County, there are fourteen district justices with one vacancy at the present time.

ings. Reasonable notice and opportunity to respond shall be provided to the parties.

(emphasis added).

As the note to Pa.R.Crim.P. 23 indicates, temporary assignment in this situation is intended to cover what might otherwise be referred to as "change of venue" at the district justice level. The language of this rule, enacted to insure fair and impartial proceedings, mandates that the rule be applied as a preliminary matter. This comports with Pa.R.Crim.P. 25(a), which provides that "objections to venue between magisterial districts shall be raised in the Court of Common Pleas ... before completion of the preliminary hearing ... or such objections shall be deemed to have been waived."

In the case *sub judice*, the Commonwealth did not file a motion pursuant to Pa.R.Crim.P. 23 until after appellant's preliminary hearing. Other than to avoid an undesirable result, the Commonwealth offers no basis for requesting a temporary assignment. There being no evidence of record to support the Commonwealth's request for temporary assignment of issuing authority to insure a fair and impartial proceeding, the president judge abused his discretion in granting the Commonwealth's motion.

Furthermore, the Commonwealth failed initially to avail itself of the opportunity to remove all doubt as to the fairness and impartiality of the proceeding by petitioning the Court of Common Pleas to have a judge sit as the committing magistrate. *See* 42 Pa.C.S. § 931.

For these reasons, I concur in the majority's disposition of this appeal.

PAPADAKOS, Justice, dissenting.

In *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975), and cases cited therein, we determined that the "grant or refusal of a change of venue is within the sound

discretion of the trial court." The "test is whether the court abused its discretion or committed an error which controlled the outcome of the case." *Commonwealth v. Swanson*, 432 Pa. 293, 248 A.2d 12 (1968). While I would have preferred a more adequate and poignant rendition of the magistrate's potential partiality, I cannot say that the trial court's interpretation of the magistrate's testimony is so unreasonable or irrational as to rise to the level of an abuse of discretion. That interpretation may not be as sharply defined or of sufficient weight as a pure and perfect example requires, but it is not utterly without some logical merit. I believe that before we overturn an exercise of judicial discretion, therefore, we should be very sensitive to the standard of our review.

More importantly for my present concern is the fact that Pa.R.Crim.P. 23 (Comment) "is intended to impose the responsibility on the president judge." I read that to mean that we have lodged in those officers the supervisory role in such matters as arise in their jurisdictions. I see no reason to distrust that judgment or get involved in an endless game of second-guessing those decisions. Presumably we delegated that power to avoid this very problem. Nor is this a "judge-shopping" case for the same reasons. "Forum-shopping" occurs when the legal rules themselves allow parties to search out the most favorable courts without any check on their freedom to shop around. That is not the case here under Rule 23. The ability to move a case or change judges rests with the court and not with the shopper. It is the court itself which decides whether a change of court or a change of judges will be allowed: that is precisely why we gave president judges the supervisory role in the first instance.

I, therefore, dissent and would affirm the decision of the Superior Court.

McDERMOTT, J., joins this dissenting opinion.