617 A.2d 351

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James SHOOP.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1992.

Filed Dec. 3, 1992.

Dennis C. McAndrews, Asst. Dist. Atty., Media, for Com.

Michael J. Malloy, Asst. Public Defender, Media, for appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

■ This is an appeal from an order granting appellee's, James Shoop, motion challenging a temporary assignment of issuing authority and ordering that re-arrest be issued through District Court Justice LaRosa.[1] Appellant, Commonwealth of Pennsylvania, presents the following question:

Did the trial court err in holding that where a criminal defendant is discharged at a preliminary hearing, a subsequent preliminary hearing following rearrest must be heard

---

1. We point out that although this appeal is interlocutory, the court order is nonetheless appealable. In *Commonwealth v. Sufrich*, 320 Pa.Super. 56, 466 A.2d 1058 (1983), this court stated that an ex parte order by the court of common pleas transferring summary criminal proceedings to another district justice, at the request of the Commonwealth, was a change of venue in a criminal proceeding and therefore appealable. *See* Pa.R.A.P. 311(a)(3). The case at hand likewise involves a request for transfer to another district justice. Accordingly, the trial court's grant of appellee's petition for change of venue back to the original district justice is appealable.

by the same District Justice who discharged defendant at the initial preliminary hearing?

Appellant's Brief at 3. For the reasons set forth below, we reverse the order of the trial court.

On June 18, 1990, the Commonwealth charged appellee with multiple counts of arson and related offenses. A preliminary hearing was conducted before Delaware County District Justice Barbara LaRosa on August 6, 9 and 10, 1990. At the conclusion of the preliminary hearing testimony, District Justice LaRosa dismissed all charges and counts. Appellant then sought re-arrest of appellee and on August 15, 1990 requested through the district court administrator reassignment of the case to another district justice for a rehearing. On August 22, 1990, the district court administrator made a recommendation to the Court of Common Pleas of Delaware County concerning the reassignment.

On September 4, 1990, pursuant to Rule 17 of the Rules Governing Standards of Conduct of District Justices, the Court of Common Pleas of Delaware County signed an order directing assignment of the case to Delaware County District Justice Maureen Fitzpatrick. Subsequently, on October 9, 1990, appellee filed a motion with the common pleas court to change the venue of the preliminary hearing and reassign the case back to District Justice LaRosa. The common pleas court held further hearings and accepted argument from both parties. The court then granted appellee's motion and ordered the case resubmitted for rehearing before District Justice LaRosa. This timely appeal followed.

■ Appellant's sole contention upon appeal is that the trial court erred in reassigning the preliminary hearing on appellant's re-arrest to District Justice LaRosa, the same district justice who discharged appellee at his first preliminary hearing. We agree.

■ We first point out that there are no rules of criminal procedure addressing re-arrest procedure. *See Commonwealth ex rel. Fitzpatrick v. Mirarchi*, 481 Pa. 385, 394, 392 A.2d 1346, 1350 (1978) ("[T]he Pennsylvania Rules of Criminal

Procedure ... are silent on the subject of re-arrest."). However, Rule 17 of the Rules Governing Standards of Conduct of District Justices provides that "[t]he president judge of the court of common pleas of a judicial district shall exercise general supervision and administrative control over district justices within his judicial district." *Id.* This rule appropriately vests the presiding common pleas judge with control over the assignment of district justices within his judicial district.

■ In its opinion, the trial court held that *Commonwealth v. Kline*, 521 Pa. 281, 555 A.2d 892 (1989) was dispositive of the instant case. In *Kline*, a plurality of the Supreme Court held that "[w]here there is no showing of partiality on the part of the issuing authority who sits in the magisterial district in which venue lies, the president judge abuses his or her discretion by granting a motion for the temporary assignment of issuing authority to serve in that district." *Kline* at 286, 555 A.2d at 894. While *Kline* would otherwise be dispositive of the action at bar, it is in conflict with more recent Supreme Court decisions and therefore will not be followed.[2]

■ It is clear that determinations of district justices at preliminary hearings are interlocutory and non-appealable. *See Liciaga v. Court of Common Pleas*, 523 Pa. 258, 566 A.2d 246 (1989); *In re Riggins*, 435 Pa. 321, 254 A.2d 616 (1969). In *Liciaga*, the Supreme Court explained that "[s]ince our law does not provide an additional avenue to explore the challenge of an alleged improper dismissal of a defendant at the preliminary hearing stage, if the Commonwealth seeks to reinstitute charges, it must refile the same charges before a different magistrate." *Liciaga*, 523 Pa. at 267, 566 A.2d at 250; *see also Riggins*, 435 Pa. at 321, 254 A.2d at 617 ("[W]hen the Commonwealth believes that a defendant has been improperly discharged by a committing magistrate its remedy is to have the defendant re-arrested and taken before another magistrate.").

**2.** As *Kline* is a plurality opinion, its holding is not binding.

 To apply *Kline* to the instant matter would be to contradict the above stated rationale behind denying appeals of preliminary determinations of district justices. If the Commonwealth were not permitted to re-arrest a defendant and have a preliminary hearing before a different district justice, the Commonwealth would be estopped from having an "additional avenue to explore the challenge of an alleged improper dismissal." Accordingly, where the Commonwealth in good faith alleges improper dismissal by a district justice, it must have the opportunity to bring the re-arrest before another district justice.

Since in the instant action the Commonwealth has in good faith alleged that District Justice LaRosa erred in dismissing its arrest petition, we direct the Court of Common Pleas of Delaware County to reassign the re-arrest preliminary hearing to another district justice within the Judicial District of Delaware County.[3]

Accordingly, we reverse the order of the common pleas court and order reassignment as instructed.

Order reversed.

3. At the preliminary arrest hearing, the Commonwealth presented extensive factual and expert testimony over the course of three days. *See* Appellee's Brief at 7; Commonwealth's Brief at 9. Moreover, the Commonwealth's request for reassignment in this case does not follow a series of repeated re-arrests. Hence, we find the Commonwealth's allegation of error on the part of the original district justice to be in good faith. However, this court recognizes that there may be instances in which the Commonwealth's actions requesting alternate district justices may be intended to harass the defendant. In such situations, the Commonwealth's contention of error on the part of the original district justice would not be in good faith and reassignment to a different district justice would be improper.