664 A.2d 133

**COMMONWEALTH of Pennsylvania**

**v.**

**George R. BRAYKOVICH, Appellant.**

Superior Court of Pennsylvania.

Argued March 21, 1995.

Filed Aug. 8, 1995.

398

Stephen Delpero, Sharon, for appellant.

William M. Panella, District Attorney, New Castle, for Commonwealth, appellee.

Before ROWLEY, President Judge, and KELLY and HOFFMAN, JJ.

ROWLEY, President Judge.

This is an appeal from a judgment of sentence of probation in which appellant George R. Braykovich argues that the trial court erred when it denied his motion to dismiss pursuant to Pa.R.Crim.P. 1100. We affirm.

On April 6, 1989, appellant was charged with theft by unlawful taking,[1] criminal mischief,[2] criminal conspiracy,[3] and receiving stolen property.[4] Those charges were based on the removal of timber from the property of Trilli & Dunbar, Inc. (Trilli property). On the same date, a second complaint was filed charging the same offenses involving an adjacent property, owned by Ellwood City Rod and Gun Club (Ellwood property). At a preliminary hearing, the charges stemming from the removal of timber on the Trilli property were dismissed. Subsequently, the charges stemming from the Ellwood property were nolle prossed by the Commonwealth because appellant's co-defendant had made restitution. On February 26, 1993, only the charges relating to the Trilli property were refiled.[5] Appellant filed a motion to dismiss the Trilli charges, arguing that his prosecution in 1993 would

1. 18 Pa.C.S. § 3921(a).

2. 18 Pa.C.S. § 3304(a).

3. 18 Pa.C.S. § 903(a)(1).

4. 18 Pa.C.S. § 3925(a).

5. 42 Pa.C.S. § 5552(b) provides a five (5) year statute of limitations for offenses relating to 18 Pa.C.S. § 3921.

constitute a violation of Rule 1100. The motion was denied. The Commonwealth withdrew the charge of conspiracy, and the case proceeded to trial. The trial court granted a demurrer on the charge of receiving stolen property. On February 15, 1994, appellant was found guilty by a jury of theft by unlawful taking, and on April 12, 1994, he was sentenced to a period of four (4) years probation and fined $20,000.00. On April 19, 1994, appellant filed a motion in arrest of judgment. On September 13, 1994, the motion in arrest of judgment was denied, and appellant filed this appeal on October 11, 1994.

Before reaching the merits of this appeal, we must address the post-sentence procedure in this case. That procedure is governed by Pa.R.Crim.P. 1410, the current version of which is effective as to cases in which the determination of guilt occurs on or after January 1, 1994. Rule 1410 provides, in pertinent part:

**A. Timing.**

\* \* \* \* \* \*

(2) If the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion, or, if the judge fails to decide the motion, within 30 days of the entry of the order denying the motion by operation of law.

\* \* \* \* \* \*

**B. Optional Post-sentence Motion.**

(1) *Generally.*

(a) The defendant in a court case shall have the right to make a post-sentence motion. . . .

\* \* \* \* \* \*

(3) *Time Limits for Decision on Motion.*

(a) Except as provided in subsection (3)(b), [permitting, for good cause shown, one 30–day extension] the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. **If the judge fails to decide the motion within 120 days,** or to grant an extension as provided in subsec-

tion (3)(b), **the motion shall be denied by operation of law.** (emphasis added)

■ In the instant case, the trial judge failed to decide the post-sentence motion within 120 days. Thus, the motion should have been denied by operation of law. Rule 1410 B(3)(a). Rule 1410 B(3)(c) sets forth the procedure which follows a denial by operation of law:

(c) When a post-sentence motion is denied by operation of law, the clerk of courts shall **forthwith** enter an order on behalf of the court, and shall **forthwith** furnish a copy of the order by mail or personal delivery to the attorney for the Commonwealth, the defendant(s), and defense counsel that the post-sentence motion is deemed denied. This order is not subject to reconsideration. (emphasis added)

When a post-sentence motion is denied by the trial court or by operation of law, the clerk of courts shall enter an order, pursuant to Rule 1410 B(4), the contents of which are as follows:

(4) *Contents of Order.* An order denying a post-sentence motion, whether signed by the judge or entered by the clerk of courts, shall include notice to the defendant of the following:

(a) the right to appeal and the time limits within which the appeal must be filed;

(b) the right to assistance of counsel in the preparation of the appeal;

(c) the rights, if the defendant is indigent, to appeal in forma pauperis and to proceed with assigned counsel as provided in Rule 316; and

(d) the qualified right to bail under Rule 4010.B.

The comment to the aforementioned section of Rule 1410 enunciates the intent behind the notice requirement as follows:

**Subsection B(4) protects the defendant's right to appeal** by requiring that the judge's order denying the motion, or the clerk of courts' order denying the motion by operation of law, contain written notice of the defendant's appeal rights. This requirement insures adequate notice to the

defendant, which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion. *See* Rule 1405.C(3). (emphasis added)

In the instant case, the clerk of courts failed to enter the appropriate order "forthwith," denying the motion by operation of law. Thus, appellant filed his appeal after the expiration of 120 days.

▇ It is well-settled that appellate courts cannot extend the time for filing an appeal. Pa.R.A.P. 105(b) provides as follows:

> An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court **may not enlarge** the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review. (emphasis added)

However, the official note to Pa.R.A.P. 105 creates an exception to this rule: "Subdivision (b) of this rule is not intended to affect the power of a court to grant relief in the case of fraud or breakdown in the processes of a court." As recognized by this Court, the official note makes it clear that the appellate courts retain the power to grant relief from the effects of a breakdown in the court system:

> It is well-established that the extension of the filing period or the allowance of an appeal *nunc pro tunc* will be permitted only in extraordinary circumstances, namely, fraud or some breakdown in the processes of the court. Pa.R.A.P. 105(b) note; *West Penn Power Co. v. Goddard,* 460 Pa. 551, 556, 333 A.2d 909, 912 (1975); *Commonwealth v. Englert,* 311 Pa.Superior 78, 81, 457 A.2d 121, 123 (1983); *Maxton v. Philadelphia Housing Authority,* 308 Pa.Superior 444, 448, 454 A.2d 618, 620 (1982); *Conrad v. Kemmerer,* 301 Pa.Superior 410, 412, 447 A.2d 1032, 1034 (1982); *Marcinak v. Lavery,* 286 Pa.Superior 92, 96, 428 A.2d 587, 589 (1981); *International Brotherhood of Electrical Workers v. Cardo,*

259 Pa.Superior 65, 67, 393 A.2d 718, 719 (1978); *Provident National Bank v. Rooklin*, 250 Pa.Superior 194, 199, 378 A.2d 893, 895 (1977); *MacKanick v. Rubin*, 244 Pa.Superior 467, 470–71, 368 A.2d 815, 817 (1976); *Leveto v. National Fuel Gas Distribution Corp.*, 243 Pa.Superior 510, 516, 366 A.2d 270, 273 (1976); *Scharfman v. Philadelphia Transportation Co.*, 234 Pa.Superior 563, 571 n. 7, 340 A.2d 539, 543 n. 7 (1975); *Riley's Grille Liquor License Case*, 213 Pa.Superior 46, 48, 245 A.2d 725, 726 (1968); *Southwest Philadelphia Plumbing Supply v. Catanzaro*, 181 Pa.Superior 209, 212, 124 A.2d 476, 477 (1956); *Perin v. Gochnauer*, 173 Pa.Superior 609, 612, 98 A.2d 755, 756–57 (1953).

*Moring v. Dunne*, 342 Pa.Super. 414, 417, 493 A.2d 89, 91 (1985). This Court has further stated:

[P]rior to the adoption of the Pennsylvania Rules of Appellate Procedure, (Pa.R.A.P.), 42 Pa.C.S., Pennsylvania case law was unequivocal on the effect of a failure to perfect a timely appeal. *Commonwealth v. Lord*, 230 Pa.Super. 96, 100, 326 A.2d 455, 458 (1974), summarized the applicable case law:

"In taking an appeal, the appellant must comply with all applicable statutory requirements. *Massachusetts Bonding & Insurance Company v. Johnston & Harder, Inc.*, 330 Pa. 336, 199 A. 216 (1938). Pursuant to the Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502 (17 P.S. § 211.502(a)) an appeal to this court 'from any order shall be filed within thirty days of its entry.' Time limitations for the taking of appeals have been strictly construed by Pennsylvania courts in the past. See, e.g., *Commonwealth v. Peters*, 178 Pa.Super. 82, 113 A.2d 327 (1955); *Commonwealth v. Schneiderman*, 162 Pa.Super. 461, 58 A.2d 196 (1948). It is also recognized that '[w]hen an Act of Assembly fixes the time within which an appeal may be taken, courts have no power to extend it or to allow an appeal nunc pro tunc, **except where there is a showing of fraud or its equivalent**.' *Commonwealth v. Wright*, 187 Pa.Super. 39, 42, 142 A.2d 336, 337 (1958). See also *Ifft v. Hunter*, 202 Pa.Super. 487, 489, 198 A.2d 436, 437

(1964) ('we [Superior Court] must take notice of the defect [untimely appeal] and there is no room for the exercise of discretion on our part'); *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965) (cases cited therein); *Commonwealth ex rel. Nicosia v. Nicosia,* 184 Pa.Super. 440, 136 A.2d 135 (1957)."

*Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 196–97, 378 A.2d 893, 894 (1977) (emphasis added). Although our courts demand strict compliance with statutorily mandated time limitations for the taking of appeals, there has long been established an exception where a "showing of fraud or its equivalent" will excuse an untimely appeal.

■ Decisions both prior and subsequent to the effective date of Rule 1410 have held that similar rules of procedure, containing the same 'mandatory' language,[6] should not be strictly enforced. "Procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered. They are not to be exalted to the status of substantive objectives[.]" *Commonwealth v. Laskaris,* 385 Pa.Super. 339, 348, 561 A.2d 16, 20 (1989) (citing *Feingold v. SEPTA,* 512 Pa. 567, 572, 517 A.2d 1270, 1272 (1986)).

In *Commonwealth v. Bassion,* 390 Pa.Super. 564, 569, 568 A.2d 1316, 1318 (1990), the Court reasoned that incorrect information to an accused by the District Justice or his staff could constitute a breakdown in the court's operation that would warrant the allowance of an otherwise untimely appeal. *Accord Maxton v. Philadelphia Housing Authority,* 308 Pa.Super. 444, 448, 454 A.2d 618, 620 (1982); *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909 (1975).

In *Commonwealth v. Magnum,* 439 Pa.Super. 616, 654 A.2d 1146 (1995), the Commonwealth filed a motion to reconsider sentence which the trial court refused to hear because it was,

---

**6.** *See Commonwealth v. Revtai,* 516 Pa. 53, 64, 532 A.2d 1, 6 (1987) (holding that although Pa.R.Crim.P. 130(d) contained the word "shall," which was usually given mandatory effect, where complaints were filed beyond the five-day limitation of the rule, charges should not be dropped in the absence of prejudice to the defendant).

in the trial court's opinion, untimely. Although it appeared from notations on the motion that the Commonwealth filed the motion on January 24, 1994, the last day of the ten-day period in which such a motion could be timely filed, the clerk of courts did not "fully accept" the motion because it did not include the trial judge's signature. Because the clerk of courts noted on the motion that it was received January 25, 1994, the trial court refused to consider the merits of the motion. This Court stated that "[t]he fact that the clerk of courts would not fully accept the motion without the judge's signature, as attested to by the second stamp, is a procedural rule that only serves to place an additional burden on a party seeking to file a post-trial motion with the court." *Id.* at 622, 654 A.2d at 1149. The Court held that the Commonwealth's motion was timely filed.

The Court's decision in *Magnum* is distinguishable from the decision in *Commonwealth v. Quinlan,* 433 Pa.Super. 111, 639 A.2d 1235 (1994), where the Commonwealth's attempt to correct an inconsistency between the oral and written sentence was deemed waived for failure to challenge the sentence for more than two years and five months. In the absence of an excusing condition, "the power of the sentencing court to correct 'clerical errors' regarding a sentence is bounded by considerations of timeliness on the part of the trial court, *see* 42 Pa.C.S.A. § 5505, and on the part of the aggrieved party, *see* Pa.R.Crim.P. 1410." *Id.* at 119, 639 A.2d at 1239 (citations omitted).

▮ Instances where the failure to file a timely appeal arises from a breakdown in the court system are distinguishable from cases where the failure to timely file an appeal is based on the fault of an attorney. In *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979), the Supreme Court set forth an exception for the allowance of an appeal *nunc pro tunc* where the attorney failed to perfect an appeal due to the illness of his secretary. This non-negligent happenstance, in the specific circumstances of that case, excused the untimely appeal. The Court reasoned as follows:

Appellant argues that we should equate the failure to file a timely appeal in this case as "in fact a negligent act of a court official." Appellant also argues that "mere inadvertence" should not prevent an appellant from access to the appellate process. It is true that in our system of law an attorney, in a sense, serves both as an advocate for his client and as an officer of the court. It has recently been recognized by statutory law that an attorney is a public officer.... We are unable to conclude, however, that the office of attorney is to be equated for all purposes with the term "court officer." We cannot overlook the fact, however, that an attorney at law, chosen by a client from a limited group of persons legally entitled to represent the client, is an integral and necessary part of our system of justice. To view a citizen's attorney as a completely non-public officer would be ignoring the reality that our system of justice could not function properly and efficiently without the traditional view that an attorney not only represents a client, but is in a sense an officer of the court. Therefore, at least in those circumstances involving the non-negligent failure to file an appeal, members of the public should not lose their day in court.

*Bass, supra* at 259–60, 401 A.2d at 1135.[7]

▇▇▇▇ In the instant case, the failure to file a timely appeal involved a breakdown in the court system, that is, lack of compliance with Pa.R.Crim.P. 1410. The text of Rule 1410 and the comments thereto leave no doubt that a timely written order, either by the trial court or by the clerk of courts, is intended to protect the defendant's right to a timely appeal. The judgment becomes final for appeal purposes either on the date when the court disposes of the motion or when the motion is denied by operation of law. Appellant's failure to comply with Rule 1410 was caused by a breakdown in the

7. We quote *Bass* as illustrative of the importance of the fact that it is the role of the attorney as an officer of the court that is significant for purposes of excusing delay. It should be noted, however, that the scope of the holding in *Bass* is unclear, *In re Interest of C.K.,* 369 Pa.Super. 445, 535 A.2d 634 (1987), and our Court has applied *Bass* restrictively, *see Moring v. Dunne, supra.*

processes of the court, that is, the clerk of courts' failure to notify him that his motion had been denied by operation of law. Appellant filed his appeal on October 11, 1994, within 30 days of the filing of the trial court's order denying his post-sentence motion. We hold that under the circumstances of the present case, the appeal is timely filed and may be considered by us. Pa.R.A.P. 105(b); *Magnum, supra,* at 439 Pa.Super. 616, 654 A.2d 1146; *Bassion, supra,* at 390 Pa.Super. 564, 568 A.2d 1316; *Moring, supra,* at 342 Pa.Super. 414, 493 A.2d 89.

■ Appellant raises one issue for our consideration, that is, whether the trial court erred in failing to dismiss the charges pursuant to Pa.R.Crim.P. 1100 where more than 365 non-excludable days elapsed from the date of the filing of the complaint and where all the charges stemming from a single incident should have been filed in a single complaint pursuant to Pa.R.Crim.P. 131(b). In considering a Rule 1100 claim, the test to be applied is whether the Commonwealth's efforts to bring a defendant to trial were reasonable and pursued with due diligence. *Commonwealth v. Edwards,* 528 Pa. 103, 595 A.2d 52 (1991); *Commonwealth v. Browne,* 526 Pa. 83, 584 A.2d 902 (1990); *Commonwealth v. Nesmith,* 425 Pa.Super. 291, 624 A.2d 1078 (1993). Our review is limited to determining whether the trial court abused its discretion or committed an error of law in its determination that the Commonwealth exercised due diligence in bringing the appellant to a timely trial. *Nesmith, supra.*

■ Appellant argues that the statutory period began to run with the filing of the first complaint and continued to run uninterrupted through the nolle prosequi and the filing of the second complaint. The Commonwealth contends that Rule 1100 was triggered by the filing of the second complaint. For the following reasons, we agree with the Commonwealth's contention.

In support of his position, appellant relies on *Commonwealth v. Earp,* 476 Pa. 369, 382 A.2d 1215 (1978). However, appellant's reliance on *Earp* is misplaced. As the Honorable John Q. Stranahan stated in the well reasoned opinion of the trial court,

The Defendant erroneously relies on *Commonwealth v. Earp*, 476 Pa. 369, 382 A.2d 1215[ ] (1978)[,] because *Earp*[ ] is distinguishable from the case which is currently before this Court. *Earp* is distinct in that the challenged action arose out of a single complaint which was filed against the defendant only part of which was subsequently dismissed. The defendant in *Earp* remained incarcerated on the pending charges which were bound over from the original complaint. Later the defendant was re-charged with those charges which had been previously dismissed from the original complaint at the time of the preliminary hearing. The continuous confinement was the crucial factor in determining [that] the Rule 1100 period should have properly run from the date of the first complaint.

In the instant case, appellant was not incarcerated on pending criminal charges after the criminal charges at issue were originally dismissed, unlike the defendant in *Earp*.

We recognize that if the Commonwealth were permitted to dismiss a complaint and charge a defendant anew at will, that would result in an abuse of the spirit of Rule 1100. *Commonwealth v. Simms*, 509 Pa. 11, 14, 500 A.2d 801, 803 (1985). We find no such abuse in the present case, however. The first complaint in the case was properly dismissed at the district justice level.

It is clear that determinations of district justices at preliminary hearings are interlocutory and non-appealable. *See Liciaga v. Court of Common Pleas*, 523 Pa. 258, 566 A.2d 246 (1989); *In re Riggins*, 435 Pa. 321, 254 A.2d 616 (1969). In *Liciaga*, the Supreme Court explained that "[s]ince our law does not provide an additional avenue to explore the challenge of an alleged improper dismissal of a defendant at the preliminary hearing stage, if the Commonwealth seeks to reinstitute charges, it must refile the same charges before a different magistrate." *Liciaga*, 523 Pa. at 267, 566 A.2d at 250; *see also Riggins*, 435 Pa. at 321, 254 A.2d at 617 ("[W]hen the Commonwealth believes that a defendant has been improperly discharged by a committing magistrate

its remedy is to have the defendant re-arrested and taken before another magistrate.").

*Commonwealth v. Shoop,* 420 Pa.Super. 606, 609, 617 A.2d 351, 353 (1992). *See also Commonwealth v. Jones,* 429 Pa.Super. 601, 633 A.2d 185 (1993). After the first complaint was properly dismissed, the Commonwealth filed a second complaint within the statute of limitations period.

[W]hen an initial complaint has been withdrawn or otherwise dismissed, the 180 day period begins to run anew with the filing of a subsequent complaint only if (1) the earlier complaint was properly dismissed by a competent magisterial or judicial authority, and (2) the record does not reveal evidence of a prosecution attempt to circumvent Rule 1100.

*Simms,* 509 Pa. at 15, 500 A.2d at 803. *See also Commonwealth v. Schafer,* 394 Pa.Super. 493, 576 A.2d 392 (1990).

In the case *sub judice,* the first complaint was properly dismissed by a magisterial authority, and there was no evidence that the prosecution attempted to evade the mandate of Rule 1100. We find that both prongs of *Simms* have been satisfied. Therefore, the relevant period began to run anew with the filing of the second complaint. We find no abuse of discretion by the trial court in denying appellant's motion to dismiss pursuant to Rule 1100. *Nesmith, supra,* at 425 Pa.Super. 291, 624 A.2d 1078; *Shoop, supra,* at 606, 617 A.2d 351.

Judgment of sentence affirmed.