J-A08005-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER VINCENT DEMANNO, | : | |
| | : | |
| Appellee | : | No. 1425 MDA 2014 |

Appeal from the Order Entered August 7, 2014,
in the Court of Common Pleas of Clinton County,
Criminal Division at No(s): CP-18-MD-0000123-2014

BEFORE: SHOGAN, WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.: **FILED MAY 13, 2015**

I respectfully dissent.

I acknowledge that this Court is not required to accept the Commonwealth's certification that the trial court's order will terminate or substantially handicap the prosecution. *See*, *e.g.*, *Commonwealth v. Wright*, 99 A.3d 565, 568 n.1 (Pa. Super. 2014) ("While the Commonwealth's good faith certification under Rule 311(d) is entitled to some deference, this Court need not accept its good faith certification in every case."). However, I believe that we should accept the Commonwealth's certification in this case and conclude that this Court has jurisdiction over the appeal pursuant to Pa.R.A.P. 311(d).

The MDJ dismissed the charges against Appellee, concluding that the Commonwealth failed to present a *prima facie* case against him. In my

_____

* Retired Senior Judge assigned to the Superior Court.

view, it is more than reasonable to believe that, if that MDJ is presented with the same evidence and the same charges at a second preliminary hearing, the MDJ again will dismiss the charges against Appellee. Thus, the trial court's order denying the Commonwealth's motion for the temporary assignment of an issuing authority has the practical effect of terminating the Commonwealth's case against Appellee. For these reasons, I am satisfied that this Court has jurisdiction to reach the merits of the Commonwealth's appeal. **Cf. Commonwealth v. Wright**, 910 A.2d 648, 653-55 (Pa. 2006) (plurality opinion) (holding that the Commonwealth could appeal pursuant to Pa.R.A.P. 311(d) from an order denying the Commonwealth's motion to recuse).

As to the merits of the Commonwealth's claims, I agree with the Commonwealth that the trial court utilized an improper standard in denying the motion for the temporary assignment of an issuing authority. The trial court denied the Commonwealth's motion based upon a determination that the Commonwealth failed to present any evidence that the MDJ was partial or biased. In my view, the court should have examined whether the Commonwealth made a good faith allegation that the MDJ erred by dismissing Appellee's charges. **See Commonwealth v. Shoop**, 617 A.2d 351, 353 (Pa. Super. 1992) ("[W]here the Commonwealth in good faith alleges improper dismissal by a district justice, it must have the opportunity to bring the re-arrest before another district justice."); **see also**

Pa.R.Crim.P. 544 *Comment* ("Pursuant to paragraph (A), in the usual case, charges will be reinstituted by filing a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges. However, there may be cases in which the attorney for the Commonwealth determines that a different issuing authority should conduct the preliminary hearing, **such as when an error of law is made by the issuing authority in finding that the Commonwealth did not sustain its burden to establish a *prima facie* case**. Paragraph (B) requires that, in these cases, the attorney for the Commonwealth must file a petition with the court of common pleas requesting that the president judge, or a judge designated by the president judge, assign a different issuing authority to conduct the preliminary hearing.") (emphasis added).

After a review of the record, I conclude that the Commonwealth did make a good faith allegation that the MDJ erred by finding that the Commonwealth failed to establish a *prima facie* case against Appellee. Accordingly, I would reverse the trial court's order.