J-S73010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDMUND STARR | : | |
| | : | |
| Appellant | : | No. 268 WDA 2018 |

Appeal from the Judgment of Sentence November 28, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0012082-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 30, 2019**

Appellant, Edmund Starr, appeals *nunc pro tunc* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following revocation of his probation.  We dismiss the appeal as untimely.

The relevant facts and procedural history of this case are as follows.  On February 20, 2014, Appellant entered a negotiated guilty plea to unlawful contact with a minor, statutory sexual assault, corruption of minors, indecent assault with a person less than 16 years old, and selling or furnishing alcohol to a minor, in connection with Appellant's inappropriate conduct with his wife's 15-year-old sister.  The court sentenced him on March 3, 2014, to the negotiated aggregate term of 8 to 16 months' imprisonment, plus 10 years' probation.  The terms of Appellant's probation included a condition restricting his internet access.  While on probation, Appellant committed numerous

technical violations, including repeated violations of the internet restriction. On November 28, 2016, the court held a revocation hearing, revoked Appellant's probation, and resentenced him to an aggregate term of 2 to 6 years' imprisonment, plus 6 years' probation, with the same term of internet access restriction.

Appellant initially filed a timely direct appeal on December 27, 2016. On December 12, 2017, Appellant filed a counseled petition pursuant to the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546, seeking to reinstate his post-sentence motion rights *nunc pro tunc*. Appellant voluntarily discontinued his direct appeal on January 4, 2017. In the PCRA petition, Appellant claimed he wanted to challenge the condition of his probation restricting his internet access. The Commonwealth did not oppose Appellant's request. Thus, the court entered an order on January 16, 2018, restoring Appellant's post-sentence motion and attendant rights *nunc pro tunc*.

On January 22, 2018, Appellant timely filed a post-sentence motion *nunc pro tunc*, which the court denied that day. Appellant filed a counseled notice of appeal *nunc pro tunc* on February 20, 2018. On February 28, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on March 20, 2018.

Appellant raises two issues for our review:

> WHETHER THE EVIDENCE PRESENTED AT THE [***GAGNON V. SCARPELLI***, 411 U.S. 778, 93 S.CT. 1756, 36 L.ED.2D 656 (1973)] HEARING ON NOVEMBER 28, 2016, WAS INSUFFICIENT TO SUPPORT THE TRIAL COURT'S FINDING

THAT [APPELLANT] VIOLATED THE TERMS OF HIS PROBATION?

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AT SENTENCING WHEN IT IMPOSED AN INTERNET/COMPUTER RESTRICTION AS A CONDITION OF [APPELLANT'S] PROBATION REVOCATION SENTENCE ON NOVEMBER 2[8], 2016?

(Appellant's Brief at 4).[1]

Preliminarily, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Pennsylvania Rule of Appellate Procedure 903 provides: "Except as otherwise prescribed by this rule, the notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in

_____

[1] Appellant cites **Packingham v. North Carolina**, ____ U.S. ____, 137 S.Ct. 1730, 198 L.Ed.2d 273 (2017) (declaring unconstitutional North Carolina statute that banned registered sex offenders from accessing commercial social networking website where sex offender knows that site permits children to become members or to create or maintain personal web pages on commercial social networking website; statute at issue imposed unprecedented burden on free speech that was overly broad; explaining states can enact more specific laws, so long as restrictions are limited in context and narrowly tailored; states cannot enact complete bar to exercise of First Amendment rights on websites integral to fabric of our modern society and culture). Due to our disposition, however, we decline to address Appellant's claims.

extraordinary circumstances, such as fraud or a breakdown in the court's operation. *Commonwealth v. Braykovich*, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

"A direct appeal in a criminal proceeding lies from the judgment of sentence." *Patterson, supra* at 497. When rights are reinstated *nunc pro tunc*, the clock runs from the day the rights are reinstated. *Commonwealth v. Wright*, 846 A.2d 730 (Pa.Super. 2004). Significantly, [t]he filing of a motion to modify [a revocation] sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E).

Instantly, the court reinstated Appellant's rights *nunc pro tunc* on January 16, 2018. Although Appellant timely filed a post-sentence motion *nunc pro tunc* on January 22, 2018, the filing of the post-sentence motion did not toll the 30-day appeal period; and his appeal was still due to be filed on or before Thursday, February 15, 2018. *See Wright, supra*; Pa.R.Crim.P. 708(E). Appellant late filed his notice of appeal on Tuesday, February 20, 2018 (Monday, February 19, 2018 was Presidents' Day). Moreover, the record contains no evidence of extraordinary circumstances, such as a breakdown in the operations of the court, to excuse Appellant's untimely filing. *See Braykovich, supra*. Accordingly, we dismiss the appeal as untimely.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2019