J-S26024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
              Appellee :
:
              v. :
:
FRANK M. AIELLO :
:
              Appellant : No. 2722 EDA 2018

Appeal from the Judgment of Sentence Entered August 8, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-SA-0000354-2018

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED JUNE 17, 2019**

Appellant, Frank M. Aiello, appeals *pro se* from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his summary conviction for operation of vehicle without official certificate of inspection (**see** 75 Pa.C.S.A. § 4703). On March 6, 2018, a magistrate convicted Appellant and sentenced him to pay fines and costs. Appellant filed a summary appeal for a trial *de novo* on April 6, 2018. On August 8, 2018, the court dismissed the appeal because Appellant failed to appear. Appellant filed a *pro se* notice of appeal on September 10, 2018. On September 12, 2018, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement. Appellant did not comply with the court's order.

Preliminarily, the timeliness of an appeal is a jurisdictional requisite. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal*

_____
* Retired Senior Judge assigned to the Superior Court.

*denied*, 599 Pa. 691, 960 A.2d 838 (2008). A defendant has 30 days to file a summary appeal for a trial *de novo*. Pa.R.Crim.P. 460(A). Likewise, a defendant has 30 days to file an appeal in this Court after entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or a breakdown in the court's operation. **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

Instantly, a magistrate convicted and sentenced Appellant on March 6, 2018. Appellant did not file his summary appeal until Friday, April 6, 2018, which was one day late. **See** Pa.R.Crim.P 460(A). The record contains no evidence of extraordinary circumstances, and Appellant does not allege any, to excuse this untimely filing. **See Braykovich, supra**. Thus, the trial court lacked jurisdiction to consider Appellant's summary appeal when the court dismissed it on August 8, 2018. Although due on Friday, September 7, 2018, Appellant did not file his appeal in this Court until Monday, September 10, 2018, which was also untimely. **See** Pa.R.A.P. 903(a). Appellant claims there was a breakdown in the operations of the court regarding the current appeal because the trial court sent the order dismissing Appellant's summary appeal to his old address. Nevertheless, the record confirms the court sent the order

at issue to Appellant's address of record, which is the same address he used when filing for *in forma pauperis* status along with the current notice of appeal. Thus, this Court also lacks jurisdiction to consider Appellant's appeal.[1] **See Patterson, supra**. Accordingly, we dismiss the appeal.[2]

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/19

---

[1] Moreover, Appellant failed to file a court-ordered Rule 1925(b) statement, so his issues would be waived regardless of whether his appeal was timely. **See Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005) (holding failure to comply with trial court's Rule 1925(b) order generally constitutes waiver of issues on appeal). As well, Appellant's "brief" is woefully inadequate. Appellant does not even attempt to comply with **any** of the Rules of Appellate Procedure and fails to cite relevant legal authority to support his complaints. Therefore, Appellant's issues would be waived on this ground also. **See Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa.Super. 2005) (holding "appellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. … Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant"). **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

[2] Due to our disposition, we deny as moot the Commonwealth's application to quash the appeal.