J-S25043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ELAM HUDLER | : | |
| | : | |
| Appellant | : | No. 7 MDA 2020 |

Appeal from the PCRA Order Entered September 27, 2019
In the Court of Common Pleas of Union County
Criminal Division at No(s):  CP-60-MD-0000065-2018

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 27, 2020**

Appellant, Christopher Elam Hudler, appeals *pro se* from the order entered in the Union County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On or around February 6, 2018, Appellant violated the terms of a protection from abuse order.  On March 5, 2018, the Commonwealth filed a complaint charging Appellant with indirect criminal contempt ("ICC") for the violation.  The court scheduled a hearing for April 10, 2018.  Appellant, who was living in Oregon at that time, did not attend the hearing but hired an attorney to represent

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

him. The court tried Appellant in *absentia*, convicted him of ICC, and sentenced him to pay a $1,000.00 fine and serve a term of three to six months' imprisonment.[2] Appellant did not file a direct appeal.[3]

Appellant filed the current first PCRA petition *pro se* on July 25, 2019. Appellant argued, *inter alia*, that trial counsel had failed to file a requested direct appeal on Appellant's behalf. Appellant suggested counsel's failure to file the notice of appeal was because counsel had been arrested on child pornography charges and was in jail during the 30-day window in which to file Appellant's appeal. Thus, Appellant requested reinstatement of his direct appeal rights *nunc pro tunc*.

On September 6, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907.[4] Appellant did not respond, and the court denied Appellant's petition as untimely on September 27, 2019. This appeal followed.[5]

_____

[2] On June 19, 2018, the court entered an amended sentencing order to correct an error in the caption.

[3] On July 16, 2018, the court issued a bench warrant for Appellant's arrest after Appellant failed to report for sentencing on July 13, 2018.

[4] The record indicates that Appellant is not indigent. Thus, the court was not required to appoint counsel for Appellant. **See** Pa.R.Crim.P. 904(C) (explaining that when unrepresented defendant shows he is unable to afford or otherwise procure counsel, judge shall appoint counsel for defendant).

[5] Appellant's appeal was not docketed in this Court until December 2019. In response to this Court's rule to show cause why the appeal should not be

- 2 -

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(1-2).

_____

dismissed as untimely, Appellant explained that he mailed his notice of appeal and voluntary concise statement of errors per Pa.R.A.P. 1925(b) to the Prothonotary's Office on October 9, 2019. The Prothonotary received Appellant's filings on October 15, 2019, but for some reason, returned them to Appellant without docketing the notice of appeal. Appellant subsequently mailed in a second notice of appeal on October 17, 2019, which was also returned to him. Appellant mailed in a third notice of appeal on November 12, 2019, which was not docketed in this Court until December 31, 2019. Appellant said he was unsure why the notices of appeal were returned to him or why the Prothonotary's Office docketed his notice of appeal so late. Appellant attached proof of his receipts of mailing to his response to the rule to show cause. Under these circumstances, the record demonstrates a breakdown in the operations of the court, and we deem Appellant's notice of appeal as timely filed. ***See, e.g., Commonwealth v. Braykovich***, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996) (stating breakdown in operations of court enlarges appeal filing period).

Instantly, Appellant's judgment of sentence became final on May 10, 2018, upon the expiration of the 30-day period to file a direct appeal in this Court. *See* Pa.R.A.P. 903(a). Appellant filed the current petition on July 25, 2019, which is patently untimely.[6] *See* 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant did not allege or prove any timeliness exception. *See id.* Therefore, Appellant's petition remains time-barred. Accordingly, we affirm.[7]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/27/2020

---

[6] Even if the amended sentencing order entered June 19, 2018 constituted the date Appellant's judgment of sentence became final, his current PCRA petition would still be untimely.

[7] On April 8, 2020, the trial court granted Appellant's motion for stay pending appeal. Based on that order, Appellant subsequently filed an application for writ of *mandamus* in this Court requesting this Court to recall the bench warrant issued for Appellant on July 16, 2018. Due to our disposition, we deny Appellant's application for writ of *mandamus*.

Appellant has also filed in this Court an application for writ of *habeas corpus* challenging jurisdiction based on Appellant's belief that he did not commit a "crime" as defined in the Crimes Code. We deny this application as well.

- 4 -