J-S07034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEREMY BATTLE | |
| Appellant | No. 1365 MDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001676-2009

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 26, 2015**

Jeremy Battle appeals the judgment of sentence entered June 4, 2014, in the Luzerne County Court of Common Pleas, upon the revocation of his special probation,[1] and made final by the denial of post-sentence motions on June 11, 2014.  The trial court imposed a sentence of 48 to 96 months' imprisonment for the underlying robbery conviction.[2]  Contemporaneous with this appeal, Battle's counsel has filed a petition to withdraw from representation and an ***Anders*** brief.  ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). The sole issue identified in counsel's ***Anders*** brief is as follows:  the court

_____

[1] ***See*** 37 Pa. Code § 65 *et seq* (special conditions of parole or probation).

[2] 18 Pa.C.S. § 3701(A)(1)(i).

violated the principle of collateral estoppel by "revoking [] Battle's special probation based upon the same conduct which formed the basis of new criminal charges against him where one such charge was dismissed by a district justice after a preliminary hearing and the remaining charges were nolle prossed by the Commonwealth." **Anders**' Brief at 1. For the reasons set forth below, we find we lack jurisdiction over this untimely appeal. Accordingly, we quash this appeal and dismiss as moot counsel's petition to withdraw.

The facts underlying Battle's probation violation are as follows. On January 11, 2010, Battle pled guilty to numerous offenses, including one count of robbery and two counts of conspiracy to commit terroristic threats.[3] That same day, the trial court sentenced Battle on the one count of robbery to a term of 36 to 72 months' imprisonment with a ten year term of consecutive special probation, and a five year special probationary term for the two counts of criminal conspiracy to commit terroristic threats, to be served concurrently to the other special probation.

In June of 2012, Battle was paroled from a state correctional facility and placed at the MinSec Treatment Center ("MinSec") in Hazelton, Pennsylvania. In October of 2012, the staff at MinSec notified Battle's parole agent, Tracy Starzynski, that he and other individuals were suspected

---

[3] 18 Pa.C.S. 903(A)(1).

of being under the influence of synthetic marijuana. Battle subsequently tested positive during a urine analysis for that drug.

On November 6, 2012, when Agent Starzynski brought Battle to her office to transfer him to an inpatient facility, Battle told her, "[Y]ou're not taking me back to jail." N.T., 6/4/2014, at 10. Starzynski stated Battle resisted being handcuffed and he "was taken to the ground by three agents, at which time he bit" Agent Brian Fisher on the finger. *Id.* at 10-11. Agent Fisher testified that he and another agent were trying to put leg shackles on Battle, and Battle was kicking and squirming when he spun around and tried to bite the little finger on his left hand. *Id.* at 18. The agent noted his fingers were caught in the collar so there was no teeth to flesh contact. *Id.*

The incident on November 6, 2012, led to new charges against Battle, including resisting arrest, simple assault, harassment, and disorderly conduct by engaging in fighting. Moreover, Battle was charged with a technical parole violation of condition number 5c – one shall refrain from an assaultive behavior.

With respect his probation revocation hearing, Battle made several continuance requests pending the resolution of his new criminal charges. During this time, the new criminal charges were *nolle prossed* at a preliminary hearing; therefore, the charges could not in and of themselves warrant revocation. Subsequently, on June 4, 2014, the court conducted a hearing upon the request of the Pennsylvania Board of Probation and Parole

to revoke Battle's special probation. Both Starzynki and Fisher testified to the events that transpired on November 6, 2012. Battle also testified on his own behalf. According to his version of events, in direct contradiction to the parole agents, the agents were aggressively grabbing him and he never bit Agent Fisher. *Id.* at 22-25.[4]

Based on the testimony, the court found the Commonwealth established its burden, proving Battle violated a condition of his special probation for assaultive behavior, and consequently, revoked Battle's probation. The court then resentenced Battle on the robbery conviction to a term of 48 to 96 months' incarceration with credit for time served from April 4, 2009 to June 4, 2014. Battle filed a motion to modify sentence, which was denied on June 11, 2014. This appeal was filed on July 8, 2014.[5]

_____

[4] Likewise, he also alleged the results of the drug test were negative. *Id.* at 24-25. During cross-examination, the Commonwealth presented an admission signed by Battle indicating that he violated a parole condition against assaultive behavior. *Id.* at 27, 28-29. Battled testified the reason he signed the document was "because [he] was told by the parole agent at the facility to just waive it," and claimed the agent also said to "sign this paper, and [they] were goin' to wait till the outcome of [his] new criminal charges and then give [him] clarification of what [they were] going to do with parole." *Id.* at 27-28.

[5] The court did not order Battle to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Nevertheless, he filed a concise statement on July 16, 2014. The trial court issued an opinion under Pa.R.A.P. 1925(a) on September 4, 2014. The Commonwealth did not file a responsive brief in this appeal.

Before we may address counsel's **Anders** brief and her request to withdraw, we must determine whether Battle's appeal is timely.

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. **See** Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). **See** Pa.R.Crim.P. 720 Comment. Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30-day appeal period**." Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. **Id. Comment**. **See also Commonwealth v. Parlante**, 2003 PA Super 169, 823 A.2d 927, 929 (Pa. Super. 2003) (internal citation omitted) (stating: "An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is [imposed], regardless of whether... she files a post-sentence motion. Therefore, if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").
>
> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 2007 PA Super 198, 928 A.2d 346 (Pa. Super. 2007). This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal. **Id.** Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 2007 PA Super 404, 940 A.2d 493 (Pa. Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

**Commonwealth v. Burks**, 102 A.3d 497, 499-500 (Pa. Super. 2014) (emphasis in original).

Turning to the present matter, the trial court revoked Battle's probation and resentenced him on June 4, 2014. As such, Rule 708

governed Battle's direct appeal rights from the judgment of sentence following revocation, and he had until Monday, July 7, 2014,[6] to file a notice of appeal, regardless of whether he chose to file a post-sentence motion. Battle's notice of appeal was facially untimely when he filed it on July 8, 2014. Although Battle filed a motion to modify sentence on June 6, 2014, that filing did not toll the 30-day appeal period. **See** Pa.R.Crim.P. 708(E).

Furthermore, it merits mention that the record contains no evidence of "extraordinary circumstances," such as an additional "court holiday or closing or a breakdown in the operations of the court, which might excuse [Battle]'s untimely filing." **Burks**, 102 A.3d at 500, *citing* **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa. Super. 1995), *appeal denied*, 675 A.2d 1242 (Pa. 1996).[7] Accordingly, Battle's failure to file his notice of appeal within 30 days of the judgment of sentence divested this Court of appellate

_____

[6] The thirtieth day fell on Friday, July 4, 2014, which was a court holiday, Fourth of July (observed), and then the weekend; therefore, the next business day was July 7, 2014.

[7] Counsel argues the untimeliness should be excused because there was a breakdown in the court's operation, in which the court's June 11, 2014, order denying Battle's post-sentence motion, indicated that Battle could file an appeal within 30 days of that order. **See Anders**' Brief at 5, n.2. However, we note Battle was properly informed of his appellate rights at his sentencing hearing. **See** N.T., 6/4/2014, at 52 ("The defendant has appeal rights. He has ten days from today in which he may file optional post-sentence motions with this court in writing; 30 days from today in which he may file a direct appeal to the Superior Court."). Therefore, we find Battle was put on notice as to the correct time period to file an appeal prior to the June 11, 2014, order.

jurisdiction. **See Burks**, 102 A.3d at 500-501. Therefore, we are constrained to dismiss this appeal as untimely.

Because we conclude we lack jurisdiction, we cannot review counsel's petition to withdraw, the **Anders** brief, or the record to determine whether we agree with counsel's assessment that Battle's appeal is frivolous. **See Commonwealth v. Capaldi**, ___ A.3d ___, ___ [2015 PA Super 51] (Pa. Super. 2015) (finding that appeal was quashed for lack of jurisdiction because notice of appeal was untimely; therefore, petition to withdraw and **Anders** brief could not be reviewed).

Appeal quashed. Petition to withdraw as counsel dismissed as moot.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2015