J-A11040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DION ABRAHAM | |
| Appellant | No. 385 EDA 2015 |

Appeal from the Judgment of Sentence November 6, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0002871-2012

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 08, 2016**

Appellant, Dion Abraham, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas on November 6, 2014.  We quash.

On November 6, 2014, Appellant was found in violation of his probation and he was sentenced to five to ten years' imprisonment. Appellant filed a motion for reconsideration of his violation of probation ("VOP") sentence on November 10, 2014, which was denied on December 1, 2014.  Appellant filed an untimely *pro se* notice of appeal.[1]  On February 4, 2015, James J. O'Connell, Esq., was appointed to represent Appellant.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's notice of appeal was dated December 31, 2014.  It was docketed on January 16, 2015. "Pursuant to the [\]prisoner mailbox rule,['] a document is deemed filed when placed in the hands of prison authorities for mailing." **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super.

On March 17, 2015, this Court issued a rule to show cause why the appeal should not be quashed as untimely filed. This Court granted counsel an extension of time to respond. On May 11, 2015, this Court quashed the appeal as untimely filed. On May 26, 2015, Counsel filed a motion to reconsider the order quashing the appeal. On June 17, 2015, this Court vacated the May 11, 2015 order and reinstated the appeal.

On July 21, 2015, private counsel, Richard Block, Esq., entered his appearance. Counsel filed an application to file a supplemental brief. On

---

2006). As noted above, Appellant filed a motion for reconsideration of sentence. The filing of a motion for reconsideration does not toll the thirty day appeal period. In **Commonwealth v. Burks**, 102 A.3d 497 (Pa. Super. 2014), this Court opined:

> Rule 720 of the Pennsylvania Rules of Criminal Procedure in general governs the timing of post-sentence motion procedures and appeals. **See** Pa.R.Crim.P. 720. The disposition of a motion to modify a sentence imposed after a revocation hearing, however, is governed by Rule 708 (Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition). **See** Pa.R.Crim.P. 720 Comment. Rule 708(E) states: "A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. **The filing of a motion to modify sentence will not toll the 30–day appeal period.**" Pa.R.Crim.P. 708(E) (emphasis added). Rule 708 makes clear Rule 720 does not apply to revocation cases. **Id.** Comment.

**Id.** at 499-500. Appellant concedes the appeal is untimely.

August 27, 2015, this Court granted the request to file a supplemental brief and ordered that the brief filed by James J. O'Connell, Esq., be stricken.

Appellant raises the following issues for our review:

> I. Whether extraordinary circumstances, such as a breakdown in normal court operations, exist as to give [t]his Court jurisdiction?
>
> II. Whether a sentence of total confinement was necessary to vindicate the authority of the court where Appellant was mentally ill?
>
> III. Whether Appellant's sentence was manifestly excessive where the sentencing court never considered the guidelines, or Appellant's mental health or rehabilitative needs?

Appellant's Brief at 4.

First, Appellant contends that although this appeal is facially untimely, extraordinary circumstances exist which give this Court jurisdiction to hear the appeal. *Id.* at 10. Appellant argues

> [a]s the Trial Court's opinion properly points out, Appellant failed to file his [n]otice of [a]ppeal within the 30 day period after receiving his sentence. Appellant filed timely post sentence motions on November 10, 2014, four days after being sentenced. Appellant, or Appellant's counsel at the time was clearly unaware of Pa.R.Crim.P. 708([E]) which indicates that post sentence motions do not toll the 30 day period in which to file a notice of appeal in cases [sic] [VOP].
>
> * * *
>
> Here, extraordinary circumstances exist where there was clearly a breakdown in the normal process of filing an appeal, both by Appellant and by the Trial Court. Appellant did not file a timely notice of appeal, and the

- 3 -

Trial Court did not file an order pursuant to Pa.R.A.P. 1925(b).

*Id.* at 10-11 (citation omitted).

We address whether we have jurisdiction over this untimely appeal. In

*Burks*, this Court opined:

> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. ***Commonwealth v. Valentine***, 928 A.2d 346 (Pa. Super. 2007). . . . Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. ***Commonwealth v. Patterson***, 940 A.2d 493 (Pa. Super. 2007) . . . .
>
>         *     *     *
>
> Moreover, the record contains no evidence of extraordinary circumstances such as a court holiday or closing or a breakdown in the operations of the court, which might excuse [an a]ppellant's untimely filing. ***See Commonwealth v. Braykovich***, 664 A.2d 133 ([Pa. Super. 1995] (extension of filing period is permitted only in extraordinary circumstances, such as fraud or some breakdown in court's operation).

*Burks*, 102 A.3d at 500 (footnote omitted).

However, this Court will

> decline to quash [an] appeal because [the appellant's] error resulted from the trial court's misstatement of the appeal period, which operated as a "breakdown in the court's operation." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 791 (Pa. Super. 2001) (where appellant was led to believe that he had thirty days to appeal from denial of reconsideration motion following revocation of probation, our court declined to quash appeal recognizing that problem arose as a result of the trial court's misstatement of appeal period, which operated as a breakdown in the court's operation).

***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (footnote omitted).

A review of the record belies Appellant's assertion that counsel "was clearly unaware of" Rule 708(E). At the conclusion of the VOP hearing, counsel informed Appellant of his rights.

> To challenge this sentence, you have **ten days from today's date** to file a post-sentence motion asking the [c]ourt **to reconsider the sentence** that's been imposed here today. It has to be done in writing within ten days. And what you need to do is notify me if you wish for me to file that motion within ten days, sir. I can prefect [sic] that right for you.
>
> You also have **30 days from today's date** where you can **appeal to the higher court** the finding here today as well as the judgment of the sentence that's been imposed. That has to be done within **30 days of today's date**.
>
> If you wish to exercise either or both of these rights, you must make sure that I know so that I can prefect [sic] those rights for you.

R.R. at 21a-22a (emphases added).

We discern no extraordinary circumstances, such as fraud or a breakdown in the court's operation, to excuse Appellant's untimely filing of his notice of appeal. ***See Burks***, 102 A.3d at 500; ***Parlante***, 823 A.2d at 929. Therefore, this court has no jurisdiction to entertain this untimely appeal. ***Burks***, 102 A.3d at 500. Accordingly, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016