J-S59007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LEVON MANLEY | : | |
| | : | |
| Appellant | : | No. 2715 EDA 2017 |

Appeal from the PCRA Order June 2, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0501841-2006

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 28, 2018**

Appellant, Levon Manley, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his second petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history of this case are as follows.

> On February 4, 2006, Appellant was arrested and charged with Aggravated Assault, Attempted Murder, Violation of Section 6106 of the Uniform Firearms Act, Possessing Instruments of Crime, and related offenses.  On August 2, 2006, after a jury trial…, Appellant was found guilty of those crimes.  On October 26, 2007, Appellant was sentenced to a term of incarceration of eighteen (18) to thirty-six (36) years.  Post-Sentence Motions were filed and, on November 15, 2007, they were denied.  On December 5, 2007, Appellant filed a timely Notice of Appeal to the Superior Court of Pennsylvania.  The Judgment of Sentence was affirmed on November 30, 2009.  [**See Commonwealth v. Manley**, 985 A.2d 256 (Pa.Super. 2009).]  On December 29, 2009[,] Appellant filed a Petition for Allowance of Appeal

in the Supreme Court of Pennsylvania, and it was denied on May 28, 2010. [**See Commonwealth v. Manley**, 606 Pa. 671, 996 A.2d 491 (2010).]

On April 4, 2011, Appellant filed a [PCRA petition] *pro se* and PCRA Counsel was appointed. On July 9, 2013, PCRA counsel filed a letter in accordance with [**Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*)], asserting that Appellant's PCRA claims lack merit and there exist no other issues of arguable merit that could be raised in an Amended Petition. On September 10, 2013, Notice pursuant to Pennsylvania Rule of Criminal Procedure 907 was sent to Appellant, and on October 3, 2013, the PCRA Petition was dismissed. Appellant [timely] filed a [notice of appeal] of his PCRA Petition denial on October 21, 2013. Pursuant to [Pa.R.A.P.] 1925(b)[,] Appellant was instructed to file a Statement of [Errors] Complained of on Appeal. Appellant responded claiming multiple incidents of ineffective assistance of counsel and asserting that the [c]ourt committed error in dismissing the PCRA Petition. The Order was affirmed by the Superior Court on February 9, 2015. [**See Commonwealth v. Manley**, 120 A.3d 373 (Pa.Super. 2015) (unpublished memorandum).]

On August 12, 2015, Appellant filed [*pro se*] a second…PCRA petition, which was dismissed…[as untimely].

(PCRA Court Opinion, filed December 6, 2017, at 1-2). On April 21, 2017, the PCRA court issued Rule 907 notice; Appellant responded *pro se* on May 8, 2017. The PCRA court denied PCRA relief on June 2, 2017. On August 15, 2017, Appellant filed a *pro se* notice of appeal. The PCRA court ordered Appellant on August 29, 2017, to file a Rule 1925(b) statement.

On August 31, 2017, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellant filed a *pro se* show cause response on September 11, 2017, stating he did not receive the June 2, 2017

order until August 8, 2017.  On September 25, 2017, this Court issued a *per curiam* order referring the issue of the timeliness of Appellant's notice of appeal to the merits panel.[1]  On September 27, 2017, the PCRA court ordered Appellant to file a Rule 1925(b) statement; Appellant timely complied on October 16, 2017.

Appellant raises the following issues for our review:

> [WHETHER] APPELLANT'S TRIAL COUNSEL PROVIDED DEFICIENT, UNREASONABLE REPRESENTATION [WHEN] TRIAL COUNSEL FAILED TO CHALLENGE APPELLANT'S ARREST WITHOUT A WARRANT TO OBTAIN HIS PERSON VIOLATING APPELLANT'S [RIGHTS UNDER THE] FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND PURSUANT TO PENNSYLVANIA CONSTITUTION, ARTICLE I SECTIONS NINE AND EIGHT AMOUNTING TO CUMULATIVE INEFFECTIVENESS THROUGHOUT TRIAL?
>
> [WHETHER] APPELLANT'S TRIAL COUNSEL'S DEFICIENT PERFORMANCE SHOWS THE SHE DID NOT POINT OUT THE INCONSISTENT STATEMENTS OF TAAQI BROWN AS TO HOW MANY TIMES HE WAS SHOT[?]  THE RECORD REFLECTS IN FACT THAT HE WAS SHOT FIVE TIMES, WITH NO BULLETS BEING LODGED IN [VICTIM], HOWEVER THE MEDICAL [EXAMINER] SHOWED INCONSISTENCIES RENDERING [VICTIM'S] TESTIMONY PERJURY, BECAUSE HE

---

[1] In his show cause response, Appellant attached a certified mail envelope from the Philadelphia Court of Common Pleas, dated August 3, 2018, along with the June 2, 2017 order and proof of service, which he maintains the envelope included.  Appellant avers his notice of appeal was timely filed on August 15, 2017, within 30 days of his receipt of the June 2, 2017 order on August 8, 2017.  Appellant's attached evidence is sufficient to show a breakdown in the operations of the court; therefore, we deem Appellant's notice of appeal as timely filed.  ***See Commonwealth v. Braykovich***, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996) (stating breakdown in operations of court enlarges appeal filing period).

COULD HAVE ONLY BEEN SHOT THREE TIMES.

[WHETHER] TRIAL COUNSEL'S FAILURE TO POINT OUT TAAQI BROWN KNEW WHO MURDER[ED] MAURICE POINSETTE, AND COULD HAVE POINTED TO THE ALTERNATE THEORY, THAT THE SAME PERSONS OR PERSON ATTEMPTED TO SHOOT TAAQI BROWN, [AND] TRIAL COUNSEL['S] FAILURE TO QUESTION TAAQI BROWN OF ANY PROMISE OF LENIENCY HE RECEIVED FOR HIS TESTIMONY, VIOLATES APPELLANT'S SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, RIGHT TO COUNSEL AND EQUAL PROTECTION, ALSO ARTICLE I, SECTION NINE OF THE [PENNSYLVANIA] CONSTITUTION[?]

[WHETHER] APPELLANT'S RIGHT TO UNPREJUDICED COUNSEL WAS VIOLATED [WHEN] COUNSEL FAILED TO DISCLOSE THAT SHE WAS HARBORING ILL FEELINGS TOWARD APPELLANT, BECAUSE SHE FELT [SHE] REPRESENTED APPELLANT'S PARENTS IN A[N] UNRELATED CASE, WHICH WAS TOTALLY INACCURATE[?] APPELLANT HAS [A] LETTER FROM COUNSEL STATING HER ILL FEELINGS FOR NOT BEING PAID FOR HER REPRESENTATION. APPELLANT'S RIGHTS UNDER THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS EIGHT AND NINE OF THE PENNSYLVANIA CONSTITUTION WERE VIOLATED.

[WHETHER] ASSISTANT DISTRICT ATTORNEY DEBRA NIXON, VIOLATED APPELLANT'S FIFTH AMENDMENT RIGHT TO A FAIR TRIAL AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS GUARANTEE, BY KNOWINGLY PRESENTING AND FAILING TO CORRECT FALSE TESTIMONY OF SHIEED BROWN, THAT HE WAS NOT TESTIFYING FOR LENIENCY IN ATTEMPTS TO HAVE HIS POSSIBLE LIFE SENTENCE REDUCED, MS. NIXON STIPULATION TO SHIEED BROWN'S 5.K.1 IS THE GENESIS OF THE PERJURY, THERE IS A REASONABLE LIKELIHOOD THAT HIS TESTIMONY AFFECTED THE [JURY'S] JUDGMENT[?]

(Appellant's Brief at 9-10).

The timeliness of a PCRA petition is a jurisdictional requisite.

- 4 -

***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009).  A court may not examine the merits of a petition for post-conviction relief that is untimely.  ***Commonwealth v. Abu-Jamal***, 574 Pa. 724, 735, 833 A.2d 719, 726 (2003).   A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S.A. § 9545(b)(3).  The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused.  To invoke an exception, a petition must allege and the petitioner must prove:

> (i)   the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).    A petitioner asserting a timeliness

exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Further, the failure to raise an issue before the PCRA court deems the claim presented waived. **Commonwealth v. Bond**, 572 Pa. 588, 600, 819 A.2d 33, 40 (2002). **See also** Pa.R.A.P. 302(a) (stating issues not raised in lower court are waived and cannot be raised for first time on appeal). Further, any issues not raised in a Rule 1925(b) statement will be deemed waived. **Commonwealth v. Castillo**, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005).

Instantly, the judgment of sentence became final on August 26, 2010, upon expiration of the time to file a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Appellant filed the current PCRA petition on August 12, 2015, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1).

In his petition, Appellant attempts to invoke the new constitutional right exception to the PCRA time-bar, citing **Commonwealth v. Hopkins**, 632 Pa. 36, 117 A.3d 247 (2015) (holding as unconstitutional that provision of statute requiring mandatory sentence if certain controlled substance crimes occur within 1,000 feet of real property on which is located public, private or parochial school or college or university or within 250 feet of real property on which is located recreation center or playground or on school bus; non-severability of provision renders entire statute constitutionally infirm). Nevertheless, **Hopkins** does not serve as an exception to the PCRA time-bar.

*See Commonwealth v. Whitehawk*, 146 A.3d 266 (Pa.Super. 2016) (holding *Hopkins* did not announce new constitutional rule, and even if it had, neither U.S. Supreme Court nor Pennsylvania Supreme Court has held *Hopkins* applies retroactively on collateral review). In any event, *Hopkins* is irrelevant to Appellant's case.

Additionally, Appellant raised all five of his appellate issues for the first time in his Rule 1925(b) statement, so these issues are waived. *See* Pa.R.A.P. 302(a); *Bond, supra*. *See also Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601 (2015) (stating failure to include issues in PCRA petition or in court-approved amendment to petition constitutes waiver). Finally, Appellant's claims of ineffective assistance of trial counsel fall within the line of cases which hold that, absent very limited circumstances, ineffectiveness of counsel claims generally do not constitute exceptions to the PCRA time requirements. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000) (explaining that generic claims of ineffective assistance of counsel do not save otherwise untimely PCRA petition for review on merits). Therefore, Appellant's current petition remains time barred, and the PCRA court properly dismissed it as untimely. *See Hackett, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/18