J-S20003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PICKARD | : | |
| | : | |
| Appellant | : | No. 3443 EDA 2018 |

Appeal from the Judgment of Sentence Entered August 17, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013280-2010,
CP-51CR-0013277-2010, CP-51CR-0013279-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PICKARD | : | |
| | : | |
| Appellant | : | No. 2164 EDA 2019 |

Appeal from the Judgment of Sentence Entered August 17, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013277-2010,
CP-51-CR-0013279-2010, CP-51-CR-0013280-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN PICKARD | : | |
| | : | |
| Appellant | : | No. 2165 EDA 2019 |

J-S20003-20

Appeal from the Judgment of Sentence Entered August 17, 2012
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013277-2010,
CP-51-CR-0013279-2010, CP-51-CR-0013280-2010

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 29, 2020**

Appellant, Kevin Pickard, appeals[1] *nunc pro tunc* from the judgment of sentence entered on August 17, 2012, at trial court docket numbers CP-51-CR-0013277-2010, CP-51-CR-0013279-2010, and CP-51-CR-0013280-2010.[2] After careful review, we conclude that we are constrained to remand for further proceedings consistent with this Memorandum.

At the outset, we must review a procedural matter and determine if these consolidated appeals are properly before us. The record reveals that trial court docket numbers CP-51-CR-0013277-2010, CP-51-CR-0013279-

_____

[1] On September 9, 2019, this Court *sua sponte* consolidated the above-captioned appeals pursuant to Pa.R.A.P. 513.

[2] In his separate notices of appeal filed at each trial court docket number, Appellant purports to appeal from the November 19, 2018 order denying his *nunc pro tunc* post-sentence motion. It is well settled that an appeal lies from the judgment of sentence, not the denial of post-sentence motions. ***See, e.g., Commonwealth v. Pratt***, 930 A.2d 561, 562 n.1 (Pa. Super. 2007). We have corrected the appeal paragraphs accordingly.

- 2 -

2010, and CP-51-CR-0013280-2010 were joined for trial,[3] and Appellant proceeded to a jury trial that began on June 13, 2012. On June 25, 2012, the jury found Appellant guilty of the following crimes: one count of aggravated assault at trial court docket number CP-51-CR-0013279-2010; a second count of aggravated assault at trial court docket number CP-51-CR-0013280-2010; and a third count of aggravated assault and one count of possessing an instrument of crime ("PIC") at trial court docket number CP-51-CR-0013277-2010.[4] N.T, 6/25/12, at 10-12.

On August 10, 2012, the trial court sentenced Appellant to three concurrent terms of five to ten years of incarceration followed by five years of probation on each of the aggravated-assault convictions and a concurrent term of five years of probation for PIC. N.T., 8/10/12, at 18. The trial court specified that the aggregate sentence was five to ten years of incarceration followed by five years of probation. *Id.*

On August 16, 2012, the Commonwealth filed a motion for reconsideration, averring that the aggregate sentence was too lenient and asking the trial court to impose a longer term of total confinement. Commonwealth's Motion for Reconsideration, 8/16/12, at 2-5. On August 17,

---

[3] A fourth trial court docket number, CP-51-CR-0015074-2010, was also joined for trial; however, CP-51-CR-0015074-2010 is not part of the instant appeal.

[4] All three aggravated assault counts were convictions under 18 Pa.C.S. § 2702(a)(1), and the single count of PIC was a violation of 18 Pa.C.S. § 907(a).

2012, the trial court granted the Commonwealth's motion for reconsideration and vacated the August 10, 2012 sentencing order. The trial court resentenced Appellant as follows: at trial court docket number CP-51-CR-0013277-2010, the trial court imposed a sentence of five to ten years of incarceration for aggravated assault, followed by a consecutive term of two to four years of incarceration for PIC. N.T., 8/17/12, at 27. At trial court docket number CP-51-CR-0013279-2010, the trial court sentenced Appellant to a consecutive term of five to ten years of incarceration for aggravated assault, *id.* at 27-28, and at trial court docket number CP-51-CR-0013280-2010, the trial court imposed another consecutive sentence of five to ten years of incarceration. *Id.* at 28. The trial court ordered Appellant to serve the sentences consecutively, resulting in an aggregate sentence of seventeen to thirty-four years of incarceration. *Id.* Appellant did not file a direct appeal.

On November 15, 2012, Appellant filed a timely *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Thereafter, Appellant, *pro se*, filed numerous documents with the PCRA court, and eventually, the PCRA court appointed counsel.[5] Counsel filed an amended PCRA petition on October 15, 2014, and the PCRA court held a hearing on January 29, 2016. Following the hearing, the PCRA court reinstated

---

[5] The record is unclear concerning the delay between the filing of Appellant's *pro se* PCRA petition and the appointment of counsel.

Appellant's right to file post-sentence motions and a direct appeal *nunc pro tunc*. Order, 1/29/16.

On February 3, 2016, the Commonwealth filed a timely appeal from the January 29, 2016 order that was docketed at Superior Court docket number 401 EDA 2016. Notwithstanding the Commonwealth's appeal, five days later, Appellant filed a post-sentence motion *nunc pro tunc* challenging the discretionary aspects of his sentence. Post-sentence Motion, 2/8/16. The docket reflects that Appellant's post-sentence motion was denied by operation of law on June 13, 2016. Appellant filed an appeal to this Court on July 12, 2016, that was docketed at Superior Court docket number 2221 EDA 2016.

On September 18, 2017, this Court stayed the appeal at 2221 EDA 2016 pending a decision in the Commonwealth's appeal at 401 EDA 2016. On October 25, 2017, we affirmed the PCRA court's January 29, 2016 order reinstating Appellant's right to file post-sentence motions and a direct appeal *nunc pro tunc* in the Commonwealth's appeal at 401 EDA 2016. ***Commonwealth v. Pickard***, 179 A.3d 599, 401 EDA 2016 (Pa. Super. filed October 25, 2017) (unpublished memorandum). On March 16, 2018, this Court dismissed Appellant's appeal at 2221 EDA 2016 due to Appellant's failure to file a brief.

While we are constrained to conclude that the appeal at 2221 EDA 2016 was not properly before this Court, it is of no moment.[6]  As the PCRA court pointed out, the Commonwealth's appeal precluded the PCRA court from addressing Appellant's post-sentence motion.  PCRA Opinion, 10/5/16, at 2 (citing Pa.R.A.P. 1701(a)).[7]  The PCRA court correctly concluded that Appellant's February 8, 2016 post-sentence motion was premature.  ***See Commonwealth v. Pearson***, 685 A.2d 551, 556–557 (Pa. Super. 1996) (pursuant to Pa.R.A.P. 1701(a), once a notice of appeal is filed, the trial court is divested of jurisdiction to act further in the matter); ***see also Commonwealth v. Melvin***, 103 A.3d 1, 58 (Pa. Super. 2014) (once an appeal is filed, the trial court has no jurisdiction to modify its sentence).

As noted above, despite the impropriety of Appellant's February 8, 2016 post-sentence motion, the record reflects an administrative order stating the motion was "denied by operation of law."  Order, 6/13/16.  Contrary to the June 13, 2016 order, the PCRA court explained in its October 5, 2016 opinion

---

[6] This Court did not reach the merits of the appeal at 2221 EDA 2016, and our order dismissing the appeal in no way hampers our review in the instant appeal.  ***See generally Commonwealth v. Reed***, 971 A.2d 1216, 1220-1221 (Pa. 2009) (distinguishing a dismissal of an appeal on a procedural basis such as the failure to file a brief versus a dismissal on the merits that implicates the law of the case doctrine).

[7] Rule 1701(a) provides, in relevant part, as follows: "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."

that once the Commonwealth filed its appeal, the PCRA court lacked jurisdiction to consider Appellant's post-sentence motion, and the PCRA court "dismissed [Appellant's premature post-sentence motion] pending the outcome of the Commonwealth's appeal [at 401 EDA 2016]." PCRA Opinion, 10/5/16, at 2-3. Thus, there is a conflict in the record concerning the basis upon which Appellant's February 8, 2016 *nunc pro tunc* post-sentence motion was denied.

It is well settled that this Court may raise issues of jurisdiction *sua sponte*. **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007). It appears that in an abundance of caution, Appellant filed the appeal at Superior Court docket number 2221 EDA 2016 after the clerk of courts[8] filed the June 13, 2016 administrative order denying the post-sentence motion by operation of law. However, we agree with the PCRA court's conclusion that once the Commonwealth filed its notice of appeal, the PCRA court lacked jurisdiction to address Appellant's February 8, 2016 post-sentence motion. PCRA Opinion, 10/5/16, at 2-3 (citing Pa.R.A.P. 1701(a)); **Pearson**, 685 A.2d at 556-557. We resolve the conflict in the record as follows: the Commonwealth's appeal rendered Appellant's post-sentence motion premature; the order deeming the post-sentence denied by operation of law,

---

[8] **See** Pa.R.Crim.P. 720(B)(3)(c) ("When a post-sentence motion is denied by operation of law, the clerk of courts shall … enter an order on behalf of the court … that the post-sentence motion is deemed denied.").

therefore, was a legal nullity; accordingly, this Court's dismissal of Appellant's appeal at 2221 EDA 2016 was unnecessary because the appeal should not have been before our Court. **See Commonwealth v. Spencer**, 496 A.2d 1156, 1160 (Pa. Super. 1985) (noting that a trial court order entered without jurisdiction was a legal nullity and an appeal therefrom was also a nullity).

Following this Court's October 25, 2017 affirmance of the PCRA court's January 29, 2016 order in the appeal at 401 EDA 2016, jurisdiction was returned to the PCRA court when the record was remanded on December 5, 2017. **See** Pa.R.A.P. 2572(a)(2) (providing the time in which a record on appeal to an intermediate appellate court is to be remanded following disposition of the appeal).[9] Once jurisdiction returned to the PCRA court, Appellant filed his *nunc pro tunc* post-sentence motion on December 22, 2017.[10] After Appellant filed his *nunc pro tunc* post-sentence motion, the PCRA court granted at least two continuances. Order, 5/11/18;[11] Order,

---

[9] The certified record in the appeal at 401 EDA 2016 was remanded to the PCRA court on December 5, 2017.

[10] Appellant's December 22, 2017 post-sentence motion *nunc pro tunc* was nearly identical to Appellant's post-sentence motion *nunc pro tunc* that was prematurely filed on February 8, 2016.

[11] We are aware that the court had 120 days to decide the December 22, 2017 post-sentence motion pursuant to Pa.R.Crim.P. 720. When the motion was not ruled upon, it could have been deemed denied by operation of law 120 days later on Monday, April 23, 2018. Pa.R.Crim.P. 720(B)(3)(a). When a post-sentence motion is deemed denied, the clerk of courts must enter an order reflecting this denial and serve copies on the parties. Pa.R.Crim.P.

9/18/18. The PCRA court explained that "after numerous delays, the [PCRA court] denied [the motion] on November 19, 2018." PCRA Court Opinion, 1/10/19, at 2. On November 29, 2018, Appellant filed timely appeals at trial court docket numbers CP-51-CR-0013277-2010, CP-51-CR-0013279-2010, and CP-51-CR-0013280-2010. Appellant's appeals were docketed at Superior Court docket number 3443 EDA 2018, and Appellant's three notices of appeal bore all three relevant trial court docket numbers.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court explained that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal." **Id.** at 976-977. "Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of

_____

720(B)(3)(c). A notice of appeal must be filed within thirty days of the entry of the order denying the post-sentence motion by operation of law. Pa.R.Crim.P. 720(A)(2)(b). Herein, the clerk of courts failed to enter an order disposing of Appellant's post-sentence motion. Instead, the PCRA court granted motions to continue on May 11, 2018, and September 18, 2018. This Court has held that there is a breakdown in the operation of the courts when the clerk of courts fails to enter an order denying a post-sentence motion by operation of law after 120 days under Rule 720. **Commonwealth v. Braykovich**, 664 A.2d 133, 138 (Pa. Super. 1995); **Patterson**, 940 A.2d at 498-499. Although the clerk entered an order denying Appellant's earlier and prematurely filed post-sentence motion by operation of law, there was no order entered following the filing of the December 22, 2017 post-sentence motion. Because there was no order denying the post-sentence motion by operation of law, and the PCRA court subsequently entered a dispositive order on November 19, 2018, we conclude that we may consider Appellant's current appeal as a timely appeal from a final order. **See generally Braykovich**, 664 A.2d at 135-138 (discussing the impact a breakdown in the operation court has on final orders and appellate review).

appeals must be filed." *Id.* at 976 (quoting Pa.R.A.P. 341, Note).  The failure to file separate notices of appeal at each docket requires the appellate court to quash the appeal.  *Id.* at 977.  Our Supreme Court held that *Walker* applies prospectively to appeals filed after June 1, 2018.  *Id.* at 971.

After our Supreme Court filed its decision in *Walker*, a panel of our Court decided *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019) (Strassburger, J., dissenting).  In *Creese*, the Majority concluded that the appellant did not comply with the requirements set forth in *Walker*. Specifically, the appellant in *Creese* filed four identical notices of appeal, each listing all four trial court docket numbers.  *Creese*, 216 A.3d at 1144.  The Majority quashed the appeals holding "[this Court] may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case.  Instead, a notice of appeal may contain only one docket number." *Id.*

In the instant case, because Appellant's notices of appeal each displayed more than one docket number, we issued a Rule to Show Cause as to why the appeals should not be quashed pursuant to *Walker*.  Rule to Show Cause, 12/7/18.  Appellant did not respond.  On June 25, 2019, this Court issued a second Rule to Show Cause as to why the appeals should not be quashed pursuant to *Walker*.  Rule to Show Cause, 6/25/19.  Appellant filed his response on July 16, 2019, in which he asserted that he filed separate notices

of appeal at each trial court docket number. Response to Rule to Show Cause, 7/16/19.

On August 5, 2019, this Court filed an order referring the **Walker** issue to this panel and vacating the briefing schedule. Order, 8/5/19. We further noted that although Appellant filed three separate notices of appeal on November 29, 2018, which listed the three trial court docket numbers on each appeal, the clerk of the trial court transmitted only one notice of appeal to the Prothonotary of this Court for filing. **Id.** We concluded that the clerk of the trial court failed to comply with Pa.R.A.P. 905(b), which provides "The clerk shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal." **Id.** Therefore, in addition to 3443 EDA 2018, we directed the Prothonotary of this Court to list two additional Superior Court docket numbers. **Id.** Accordingly, these consolidated appeals appear at Superior Court docket numbers 3443 EDA 2018, 2164 EDA 2019, and 2165 EDA 2019.

During the pendency of these appeals, an *en banc* panel of our Court expressly overruled **Creese's** mandate that a notice of appeal may contain only one docket number. **Commonwealth v. Johnson**, ____ A.3d ____, ____, 2020 PA Super 164, *5 (Pa. Super. filed July 9, 2020) (*en banc*)). Specifically, the *en banc* Court opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence."

*Id.* Thus, pursuant to **Johnson**, although Appellant's separate notices of appeal bore more than one trial court docket number, the notices of appeal do not run afoul of **Walker** or Pa.R.A.P. 341.

Next, we address the application of Pa.R.A.P. 1925. After Appellant filed his timely notices of appeal on November 29, 2018, the PCRA court ordered Appellant to comply with Pa.R.A.P. 1925(b) and file a statement of errors complained of on appeal. Order, 12/3/18. Appellant failed to respond.

As a general rule, when the trial court orders an appellant to file a Pa.R.A.P. 1925(b) statement, the appellant must comply in order to preserve claims for appellate review; "[a]ny issues not raised in the Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). However, our Supreme Court amended Pa.R.A.P. 1925 and added a procedure for appellate courts to rectify a criminal appellant's failure to file a Pa.R.A.P. 1925(b) statement. The pertinent part of the amended rule is found in subsection (c)(3), and provides as follows:

**(c) Remand.**

* * *

(3) If an appellant represented by counsel in a criminal case was ordered to file a Statement and failed to do so or filed an untimely Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did not file an opinion, the appellate court may remand for appointment of new counsel, the filing of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3). In addition, the Explanatory Note to subsection (c)(3) provides the following guidance:

> This subparagraph allows an appellate court to remand in criminal cases only when an appellant, **who is represented by counsel, has completely failed to respond to an order to file a Statement** or has failed to do so timely. … **Per se ineffectiveness applies in all circumstances in which an appeal is completely foreclosed by counsel's actions**, but not in circumstances in which the actions narrow or serve to foreclose the appeal in part. **Commonwealth v. Rosado**, 150 A.3d 425, 433-35 (Pa. 2016).

Pa.R.A.P. 1925, Note (emphases added).

Pursuant to Pa.R.A.P. 1925(c)(3), counsel's failure to file a Pa.R.A.P. 1925(b) statement, as ordered, precludes appellate review, and it is presumptively prejudicial and clear ineffectiveness. **See Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa. Super. 2009) ("The complete failure to file a 1925 concise statement is per se ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal."). Under **Burton**, "the remedy now for failure to file a 1925 concise statement is remand to allow *nunc pro tunc* filing of the statement." **Id.** at 431.

Accordingly, we conclude that the failure of Appellant's counsel to file the court-ordered Pa.R.A.P. 1925(b) statement amounts to *per se* ineffectiveness. We remand for Appellant's counsel to prepare and file a Pa.R.A.P. 1925(b) statement *nunc pro tunc* within ten days of the date of this

Memorandum and for the trial court to file a Pa.R.A.P. 1925(a) opinion within forty-five days thereafter.

Case remanded for further proceedings consistent with this Memorandum. Panel jurisdiction retained.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/20