J-S09002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGORY WILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NANCY J. SHATTUCK REAL ESTATE | : | No. 909 WDA 2022 |
| AND ASSOCIATES, LLC., NANCY J. | : | |
| SHATTUCK, INDIVIDUALLY, LAKE | : | |
| ERIE MORTGAGE, AMANDA TUTTLE, | : | |
| KIM LEWIS, PC., KIM LEWIS, | : | |
| INDIVIDUALLY, AND BRAD A. | : | |
| WOODS | : | |

Appeal from the Order Entered July 14, 2022
In the Court of Common Pleas of Warren County Civil Division at No(s):
No. A.D.71 of 2018

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MAY 15, 2023**

Appellant, Gregory Williams, appeals from the trial court's July 14, 2022 order granting summary judgment in favor of Nancy J. Shattuck Real Estate and Associates, LLC, and Nancy J. Shattuck, individually (collectively referred to herein as "Shattuck"), which thereby disposed of all claims and parties in the action at trial court docket A.D. 71 of 2018 ("No. 71").  Due to a breakdown in the operations of the trial court, we are constrained to vacate the trial court's order and remand this case with instructions.

We need not discuss the facts underlying this matter at this juncture. Instead, we focus our attention on its procedural history.  According to the

trial court, "[t]his matter was originally filed in parallel dockets at [No. 71] and A.D. 488 of 2017 [('No. 488')]." Trial Court Opinion ("TCO"), 9/9/22, at 3. It appears that each action involves the same parties and claims. *See* Kim Lewis, PC, and Kim Lewis's Application to Quash, 10/26/22, at Exhibits B (Docket at No. 71) and C (Docket at No. 488); *see also id.* at ¶ 8 (representing that the parties and issues in both cases are the same); Appellant's Answer to Application to Quash, 11/9/22, at ¶ 8 (agreeing that the issues are the same at both dockets; "the issues are identical whether at [No.] 488 … or … [No.] 71").[1, 2] On March 14, 2018, the trial court entered an order at both dockets consolidating the cases and directing that all future pleadings be filed at No. 488. *See* TCO at 3; *see also* Order at No. 71, 3/14/18 ("[T]he [c]ourt hereby ORDERS and DECREES that the above[-]captioned matters are

_____

[1] Appellant claims that the two, parallel dockets occurred because of trial court error. *See* Appellant's Answer to Application to Quash, 11/9/22, at ¶ 7 ("The complaint was filed to [docket n]umber AD 570 of 2016. Following preliminary objections, which were granted, requiring [Appellant] to file a more specific complaint, [Appellant] elected to file a praecipe to discontinue the case…. Thereafter, [Appellant] filed a praecipe for writ of summons against all the parties to [No.] 488…. A rule to file complaint … was filed on January 16, 2018. When the complaint was actually filed, it was filed on February 13, 2018, the Prothonotary … inadvertently issued it a number of 71….").

[2] As we explain further *infra*, because Appellant did not file an appeal at No. 488, the record at No. 488 was not transmitted to this Court. Therefore, in our discussion of this matter's procedural history, we rely on the docket for No. 488 that Kim Lewis, PC, and Kim Lewis, individually (collectively "Lewis"), attached to their application to quash. This docket is also included in Appellant's reproduced record.

consolidated and all future pleadings shall be filed at [No.] 488….") (emphasis omitted; capitalization in original).

Despite the trial court's order instructing that all future pleadings be filed at No. 488, on June 4, 2018, Appellant filed his first amended complaint — the operative complaint — at No. 71 only. On June 18, 2018, Lewis filed preliminary objections to Appellant's first amended complaint — and later a brief in support — at No. 488. A week later, on June 25, 2018, Shattuck filed an answer to Appellant's first amended complaint with new matter and cross-claim at No. 71.[3] That same day, Lake Erie Mortgage and Amanda Tuttle filed preliminary objections, with a brief in support, at No. 488. Subsequently, on July 16, 2018, Lewis filed a response to Shattuck's cross-claim at No. 488. Thereafter, on September 14, 2018, Brad A. Woods filed an answer and cross-claim in reply to Appellant's first amended complaint at No. 71.[4] On

_____

[3] Shattuck brought a cross-claim against all its co-defendants. **See** Shattuck's Answer with New Matter and Crossclaim, 6/25/18, at ¶ 133 ("If it is judicially determined that there is a legal responsibility for the damages allegedly sustained by [Appellant], then it is averred that [c]o-[d]efendants … are solely responsible and liable for any and all damages sustained by [Appellant], or are jointly and severally liable with [Shattuck], or are liable over to [Shattuck], for indemnification and/or contribution, any and all liability on the part of [Shattuck] being expressly denied.").

[4] Woods filed his cross-claim against Nancy J. Shattuck Real Estate and Associates, LLC. In his cross-claim, Woods asserted that any liability imposed on him as a result of Appellant's failure to receive a sellers' disclosure statement should pass in totality to Nancy J. Shattuck Real Estate and Associates, LLC.

September 27, 2018, Appellant filed a reply to the new matter raised by Shattuck at No. 71.

On October 9, 2018, the trial court entered an order at both dockets sustaining the preliminary objections of Lewis, Lake Erie Mortgage, and Amanda Tuttle, and dismissing Appellant's claims against them with prejudice.[5] Following that order, the last docket entry to appear at No. 488 is a stipulation by Shattuck, entered on February 8, 2019, to withdraw and discontinue its cross-claim against Lewis.[6] No further docket entries exist at No. 488.

The rest of the litigation then proceeded at No. 71 only. On March 21, 2022, the trial court entered an order at No. 71, granting summary judgment in favor of Woods. Thereafter, on July 14, 2022, the trial court entered an order at No. 71, granting summary judgment in favor of Shattuck, and dismissing all claims and cross-claims against Shattuck with prejudice.

On August 10, 2022, Appellant filed a timely notice of appeal at No. 71.[7] At No. 71, the trial court issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely did so. The trial court then issued a Rule 1925(a) opinion.

_____

[5] The trial court entered this order at both dockets even though Lewis, Lake Erie Mortgage, and Tuttle did not file their preliminary objections at No. 71.

[6] On December 17, 2018, Shattuck also entered a stipulation withdrawing its cross-claim against Lake Erie Mortgage and Tuttle at No. 71.

[7] Appellant only listed No. 71 in the caption of his notice of appeal.

On appeal, Appellant raises the following issues for our review:

1. Did the [t]rial [c]ourt err in granting preliminary objections with prejudice in favor of … Lake Erie Mortgage and … Tuttle by finding that Tuttle and Lake Erie Mortgage had no duty to [Appellant] under the written contract between them?

2. Did the [t]rial [c]ourt err in granting preliminary objections with prejudice i[n] favor of Lewis on the basis that Lewis had no duty to [Appellant] despite the fact that a proper appraisal meeting [Federal Housing Administration ("FHA")] minimal standards would have led to the denial of a mortgage[,] which was dependent upon a proper appraisal[,] and by finding that [Appellant's] waiver of the inspection clause in the contract for the purchase of the home exonerated Lewis of any liability?

3. Did the [t]rial [c]ourt err in granting summary judg[ment] in favor of … Woods in violation of the provisions of Pa.R.C[iv].P. 1035.3(a) governing the credibility of the testimony of Woods under the **Nanty-Glo**[8] decision which raises the issue of material fact for the actions depend[e]nt upon the credibility and demeanor of the witnesses who will testify at trial?

4. Did the [t]rial [c]ourt err in granting summary judg[ment] in favor of … Shattuck … in relying on a decision with respect to summary judg[ment] in favor of … Woods and based upon the denials of allegations in the amended complaint filed by [Appellant,] which denials depend upon the determination of credibility at trial under **Nanty-Glo**[,] and by denying [Appellant's] request to supplement the record based on the deposition of Shattuck as provided by Pa.R.C[iv].P. 1035.3(2)(c) to depose Shattuck and her agent Wilkins[,] which depositions have been thwarted by Shattuck?

Appellant's Brief at 5-6.

At this time, we are unable to address Appellant's issues due to various breakdowns in the trial court's operations which hinder our review on appeal. **See Commonwealth v. Braykovich**, 664 A.2d 133, 136 (Pa. 1995) (noting

---

[8] **Borough of Nanty–Glo v. American Surety Co. of New York**, 163 A. 523 (Pa. 1932).

- 5 -

that "appellate courts retain the power to grant relief from the effects of a breakdown in the court system"). To begin, despite the trial court's March 14, 2018 order consolidating the cases and directing that all future pleadings be filed at No. 488, Appellant filed his first amended complaint at No. 71. Rather than enforce its consolidation order and direct Appellant to file his first amended complaint at No. 488, the trial court apparently did nothing about Appellant's non-compliant filing at No. 71. Instead, it proceeded to allow the parties to submit filings haphazardly at whatever docket they wanted. This led to both records being muddled and incomplete. Though Appellant's first amended complaint was not filed at No. 488, Lewis, Lake Erie, and Tuttle filed their preliminary objections to it at No. 488. In the meantime, Shattuck and Woods submitted their answers, counter-claims, and motions for summary judgment, among other things, at No. 71. To add to the confusion, although Lewis, Lake Erie Mortgage, and Tuttle did not file preliminary objections at No. 71, the trial court nevertheless entered an order sustaining their preliminary objections at No. 488 **and** No. 71. Once these preliminary objections were disposed of, the trial court permitted the docket at No. 488 to fall by the wayside, as no filings have been made there since February of 2019, despite Appellant's actions against Shattuck and Woods still pending at that docket.

Problematically, because Lewis's preliminary objections and brief in support were only filed at No. 488, they are not part of the record at No. 71, which was the docket at which Appellant filed his notice of appeal and the only record transmitted to us on appeal. Likewise, the record at No. 71 does not

- 6 -

contain the preliminary objections and brief in support filed by Lake Erie Mortgage and Tuttle, which were also only filed at No. 488. As a result, our review of Appellant's first and second issues, contesting the trial court's granting of these preliminary objections, is impeded by not having these filings to examine. In addition, Appellant's claims against Shattuck and Woods remain pending at No. 488.

Based on the foregoing breakdowns in the proceedings below, we are compelled to vacate the trial court's July 14, 2022 order entered at No. 71, and remand this case. On remand, within **thirty (30) days** of the date the record is remitted, the trial court Clerk of Courts is to ensure that **_all_** filings made by the parties after the trial court's March 14, 2018 consolidation order are entered at each docket and included in each record. In other words, all filings at No. 71 submitted after March 14, 2018 should be included in the record at No. 488, and all filings at No. 488 submitted after March 14, 2018 should be included in the record at No. 71. Once all filings have been entered at both dockets, the trial court shall have **ten (10) days** to issue an order granting the motion for summary judgment filed by Shattuck. This order shall contain both docket numbers and be entered at both dockets. Appellant is then directed to file a notice of appeal at each docket within **thirty (30) days** of the entry of this order at each docket. The caption of each notice of appeal shall list only the docket number at which it is to be filed. **_See_** **_Commonwealth v. Walker_**, 185 A.3d 969, 971 (Pa. 2018), _overruled in part by_ **_Commonwealth v. Young_**, 265 A.3d 462 (Pa. 2021) (holding that, "where

a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case"). In each notice of appeal, Appellant shall state that he is appealing from the new order granting summary judgment in favor of Shattuck, the March 21, 2022 order granting summary judgment in favor of Woods, and the October 9, 2018 order sustaining the preliminary objections of Lewis, Lake Erie Mortgage, and Tuttle. *See K.H. v. J.R.*, 826 A.2d 863, 871 n.10 (Pa. 2003) (noting that "a reference in the notice of appeal to any prior orders that have become appealable by virtue of the disposition of the remaining claims and parties may also serve to eliminate any confusion surrounding the object of an appeal").

The Prothonotary of this Court is directed to forward a copy of this memorandum to the Honorable Maureen A. Skerda, President Judge of the Court of Common Pleas of Warren County, and the trial court Clerk of Courts. We also note that Appellant's noncompliance with the above-stated instructions may result in quashal.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2023