J-S32031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUDAI UMERE DUTTON | : | |
| | : | |
| Appellant | : | No. 430 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 11, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000326-2022

BEFORE: LAZARUS, P.J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED DECEMBER 2, 2024**

Appellant, Audai Umere Dutton, appeals from the judgment of sentence entered in the Chester County Court of Common Pleas, following revocation of his probation. We remand with instructions.

The relevant facts and procedural history of this case are as follows. On September 21, 2023, Appellant entered a negotiated guilty plea to strangulation.[1] The court imposed the negotiated sentence that day of 317 to 635 days' imprisonment, plus eight years of Domestic Violence probation. The court also imposed a no-contact provision with the victim from this case as well as the victim in another case involving Appellant at docket No. CR-413-

_____

[1] 18 Pa.C.S.A. § 2718(a)(1).

2022.[2] The court awarded credit for time served from December 25, 2021 to September 21, 2023 (totaling 635 days), and Appellant was released from custody after sentencing, with probation beginning that day.

On October 24, 2023, the Adult Probation Department issued notice of violation of probation, alleging that Appellant failed to report for probation on October 24, 2023, and his whereabouts were unknown. The court issued a bench warrant that day. On November 16, 2023, the court granted a request to amend the notice of violation of probation to include that Appellant had violated the no-contact order imposed at sentencing with respect to the victim at docket No. 431-2022.

Following a violation of probation hearing, the court revoked Appellant's probation on December 11, 2023, and resentenced him to 3 to 8 years' imprisonment. Appellant filed a post-sentence motion on December 14, 2023. Appellant's post-sentence motion alleged that there was an insufficient basis to find a violation of probation. Specifically, Appellant claimed that the no-contact provision was "unnecessarily draconian" because Appellant and the victim at docket No. 413-2022 have a 13-year-old child together. (Appellant's Post-Sentence Motion, filed 12/14/23, at 1). Further, Appellant claimed that

_____

[2] Appellant pled guilty to simple assault at this docket on the same day. The court imposed the same term of incarceration at docket No. 413-2022, to be served concurrent to the sentence in this case. The court did not impose a term of probation at docket No. 413-2022. Relevant to the issues raised in the current appeal, Appellant shares a child with the victim at docket No. 413-2022, and the no-contact provision entered in the current case prohibited Appellant from contacting the victim at docket No. 413-2022 or her family or residence.

he tried to report to probation on the day of his original conviction, but no one was there. (**See id.**) Appellant concluded that even if he violated his probation, the revocation sentence was excessive. (**Id.** at 2).

The court denied the post-sentence motion on January 2, 2024. Appellant filed a notice of appeal on February 1, 2024. That day, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied on February 20, 2024.

As a preliminary matter, we observe that this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). Pennsylvania Rule of Appellate Procedure 903 provides: "Except as otherwise prescribed by this rule, the notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. **Commonwealth v. Valentine**, 928 A.2d 346 (Pa.Super. 2007). Generally, an appellate court may not enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b). Extension of the filing period is permitted only in extraordinary circumstances, such as fraud or a breakdown in the court's operation. **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996).

"A direct appeal in a criminal proceeding lies from the judgment of sentence." **Patterson, supra** at 497. Significantly, [t]he filing of a motion

to modify [a revocation] sentence will not toll the 30-day appeal period."
Pa.R.Crim.P. 708(E).

Instantly, the court revoked Appellant's probation and resentenced him on December 11, 2023. Appellant timely filed a post-sentence motion on December 14, 2023, which the court denied on January 2, 2024. Appellant did not file his notice of appeal until February 1, 2024. On July 30, 2024, this Court issued a rule to show cause why Appellant's appeal should not be quashed as untimely, where the filing of a motion to modify a revocation sentence generally does not toll the appeal period.

Appellant responded on August 1, 2024. Appellant argued that his post-sentence motion was unlike the kind contemplated in Rule 708(E) governing motions for modification of a revocation sentence. Specifically, Appellant claimed that his post-sentence motion did not merely challenge the discretionary aspects of sentencing, but also challenged the constitutionality of his violation sentence and the factual basis for the violation itself. Thus, Appellant claimed that his post-sentence motion fell outside the ambit of Rule 708(E) and tolled the time to file his notice of appeal.[3]

Nevertheless, we need not decide whether Appellant's averments are correct because the record demonstrates a breakdown in the operations of the court upon which we can overlook any untimeliness in the appeal. Our review

_____

[3] This Court subsequently discharged the rule to show cause and referred the issue to the merits panel.

of the record shows that the court's January 2, 2024 order denying Appellant's post-sentence motion informed Appellant "that this is a final Order. [Appellant] has the right to appeal by filing a direct appeal to the Pennsylvania Superior Court no later than thirty (30) days from the date of this Order." (Order, filed 1/2/24, at 1).  Appellant complied with the court's order by filing a notice of appeal on February 1, 2024.  Consequently, even if Appellant's post-sentence motion did not toll the appeal period, the court's misstatement to Appellant about the time in which he had to file a notice of appeal constitutes a breakdown in the operations of the court.  **See Braykovich, supra**.  **See also Patterson, supra** (explaining that this Court has found breakdown in operations of court to occur where trial court failed to advise appellant of post-sentence or appellate rights or misadvised him of those rights).  Thus, we turn to Appellant's issues raised on appeal.

Appellant raises five issues for our review:

> Whether the Commonwealth failed to meet its burden of proof at the probation revocation hearing by failing to establish that a violation of the no-contact provision occurred, thus resulting in an illegal sentence?
>
> Whether the Commonwealth failed to meet its burden of proof at the probation revocation hearing by failing to establish that Appellant failed to contact his probation officer, thus resulting in an illegal sentence?
>
> Whether the no-contact provision in CR-326-22 is unreasonably restrictive and impermissibly punitive, because it applies to a victim in an unrelated and closed case, where the victim is also the mother of Appellant's child, and applies to the unrelated victim, her residence, and the child she shares with Appellant?

- 5 -

Whether the no-contact provision in CR-326-22 is unconstitutionally overbroad and impermissibly vague?

Whether the trial court's violation of probation sentence constituted an abuse of discretion by being unduly excessive?

(Appellant's Brief at 7-8).

As a second preliminary matter, we observe that the trial court deemed Appellant's issues waived on appeal for failing to request the transcript from the revocation hearing. (*See* Trial Court Opinion, 2/21/24, at 1-3). Specifically, the court stated that as of February 21, 2024, Appellant had not ordered the transcript, which the court confirmed by e-mail with the court reporter. Thus, the court did not address any of the claims raised in Appellant's Rule 1925(b) statement.

We observe that on April 8, 2024, Appellant filed an application for extension of time to file an appellate brief. Appellant alleged that he was represented by privately retained counsel, which would require Appellant to pay for the relevant transcript. Appellant further claimed that he needed additional time to acquire the funds necessary to pay the court reporter for the transcript. Thus, Appellant sought 60 to 90 days to allow Appellant to pay for the transcript, for the transcript to be produced, and for the transcript to be utilized in drafting the brief. (*See* Appellant's First Application for Extension of Time to File Brief, filed 4/8/24, at 1-2). On April 9, 2024, this Court granted Appellant an extension of time to file his brief on or before June

10, 2024. Appellant filed his brief and reproduced record on June 10, 2024, and Appellant's reproduced record included a copy of the revocation hearing transcript.[4]

Under these circumstances, we remand for the trial court to prepare a supplemental opinion within **30 days** addressing all properly preserved issues raised in Appellant's Rule 1925(b) statement. Appellant shall have **30 days** after receipt of the supplemental Rule 1925(a) opinion to file a supplemental brief or to advise this Court that no supplemental brief will be filed. The Commonwealth shall have **30 days** thereafter to file a responsive supplemental brief or to advise this Court that no supplemental brief will be filed.

Case remanded with instructions. Panel jurisdiction is **retained**.

---

[4] Although Appellant included a copy of the transcript in his reproduced record, he did not ensure the transcript was made part of the certified record. Nevertheless, upon inquiry from this Court, the transcript is now included in the certified record.